ISRAEL ROME *vs.* CITY OF WORCESTER.

Worcester.    October 6, 1904. — May 27, 1905.

Present: KNOWLTON, C. J., BARKER, HAMMOND, & BRALEY, JJ.

*Municipal Corporations.    Worcester.*

The city of Worcester is not liable for the negligence of its servants or agents in performing the public duties imposed on that city by St. 1886, c. 331, establishing a system of sewage disposal in the interest of the general public, looking particularly to the protection of the health of the people living near the Blackstone River. Following *Harrington* v. *Worcester*, 186 Mass. 594.

TORT, for injury to a brick building of the plaintiff on Water Street in Worcester from the alleged negligent blasting of rock by the defendant in the construction of a sewer under St. 1886, c. 331.   Writ dated February 23, 1901.

At the trial in the Superior Court before *Gaskill*, J. the plaintiff offered to show that the method adopted of blasting with heavy charges in solid rock was not necessary to the performance of the work and was excessive and unreasonable.   The judge excluded the evidence and ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*R. Hoar & S. G. Friedman*, for the plaintiff.

*A. P. Rugg & J. F. Humes*, for the defendant.

KNOWLTON, C. J.   The alleged negligence of which the plaintiff complains was in the performance of the public duties imposed upon the city of Worcester by the St. 1886, c. 331.

This statute was considered in *Harrington* v. *Worcester,* 186 Mass. 594, and was held to be unlike the ordinary statutes for the construction and maintenance of sewers, under which there is a liability on the part of cities and towns for negligence, and like other statutes which impose upon cities and towns the performance of duties strictly public. The city, having constructed and maintained a sewer in accordance with the statute, was held to be under no legal liability for such pollution of the water of the Blackstone River as it necessarily caused, and this later statute was said to be " a measure in the interest of the general public, looking particularly to the protection of the health of the people living near the Blackstone River." It was said that the duty to make this provision for the public health " was imposed as other public duties which rest upon cities and towns are imposed, like the duty to provide for the education of children, or the duty to establish and maintain the ordinary institutions of the government." A city or town charged with the performance of such public duties, is not liable for any omission or non-feasance or for the misfeasances of its servants or agents in the performance of them. *Moynihan* v. *Todd, ante,* 301, and cases there cited. As the only offer of evidence was to show the negligence of the defendant's servants or agents, the testimony was rightly excluded.

*Exceptions overruled.*