JAMES H. FARRIGAN *vs.* HENRY A. PEVEAR & others.

Worcester.   October 1, 1906. — October 22, 1906.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, & RUGG, JJ.

*Charity.   Negligence.*

A trust to maintain an unincorporated institution called a home for the sole pur-
pose of affording free education and maintenance for deserving and destitute
boys is a valid public charity.

The trustees of an unincorporated home maintained for the free education and
maintenance of deserving and indigent boys if they have used reasonable care
in the selection of their servants are not liable for injuries caused by the negli-
gence of such servants.

TORT for personal injuries sustained while in the employ of the
defendants, the first count alleging that the defendants put the
plaintiff to work in an unsafe and dangerous place, and that
the defendants knew, or in the exercise of reasonable care might
have known, that the place was unsafe and dangerous; the sec-
ond count making the same allegations and describing the place
of danger as a pump pit or well hole in an engine room on the
defendants' premises, in close proximity to the exhaust pipe from
a gasoline engine from which noxious gases escaped into the pit,
and alleging that the plaintiff while at work for the defendants
entered the pit by direction of the defendants' agents and was
injured by the gases; and the third count alleging failure on the
part of the defendants to notify the plaintiff of a danger known
to them.    Writ dated June 16, 1904.

The answer, in addition to a general denial, alleged that the
defendants were trustees of a public charitable institution, and
that as individuals they had no interest in the premises where
the plaintiff was injured.

In the Superior Court the case was tried before *Pierce,* J.
The plaintiff in his opening, in answer to a question from the
judge as to the special defence set up in the answer, admitted
that the defendants were the trustees, and as such the managers
and directors of the Stetson Home, an institution, not incorpo-
rated, situated in the town of Barre in the county of Worcester,

and so called in memory of the mother of one of the defendants, who was himself the founder and chief benefactor of the institution, which was established and is maintained under a perpetual trust solely for the free and gratuitous education and maintenance of deserving and indigent boys, the entire property and income of the institution being held by the trustees in perpetual trust for that purpose, there being no dividend, profit or emolument whatsoever derived therefrom by or for any of the defendants or any other person.

The plaintiff further admitted that none of the defendants was present when the accident occurred or had knowledge of the incidents or conditions attending the time, place or occasion of the alleged injury to the plaintiff, nor did any of the defendants give, or have knowledge of the giving of any orders or directions by the defendants' agents to the plaintiff in the premises, nor have any participation in or knowledge of the work in which the plaintiff alleged that he was engaged at the time of his injury.

The plaintiff further admitted that there was no personal negligence of the defendants or any of them in the premises "attributable as the proximate cause of the plaintiff's alleged injury," and that if there was any negligence in the premises, causing the alleged injury to the plaintiff, it was that of servants and agents of the defendants, as such trustees, acting in the absence of the defendants and without their knowledge or direction.

The judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*G. S. Taft*, for the plaintiff.

*G. A. Gaskill*, for the defendants.

BRALEY, J.  The Stetson Home, of which the defendants are trustees, was founded and is maintained under a trust created by gift for the sole purpose of affording an education and maintenance for destitute boys, and whatever advantages the institution offers are conferred without compensation.  These distinctive features are ample to bring the home, even if unincorporated, within that class of benevolent institutions whose sole purpose is to furnish relief to destitute and deserving people, and therefore constitutes a valid public charity.  *Bartlett* v. *Nye*, 4 Met.

378, 380.  *Odell* v. *Odell*, 10 Allen, 1, 4.  *Jackson* v. *Phillips*, 14 Allen, 539.  *Sherman* v. *Congregational Home Missionary Society*, 176 Mass. 349.  *Minot* v. *Attorney General*, 189 Mass. 176, 179.

⌐ At the outset it may be said that the case of *Davis* v. *Central Congregational Society*, 129 Mass. 367, on which the plaintiff relies, and that of *Smethurst* v. *Barton Square Church*, 148 Mass. 261, are not authorities in his favor, as in those cases the question of the liability of a public charity for the negligence of its servants or agents does not appear to have been raised or decided.  See *Minns* v. *Billings*, 183 Mass. 126; *Osgood* v. *Rogers*, 186 Mass. 238, 240.  Compare *Chapin* v. *Holyoke Young Men's Christian Association*, 165 Mass. 280, and *Donnelly* v. *Boston Catholic Cemetery Association*, 146 Mass. 163.

Under the authority of *McDonald* v. *Massachusetts General Hospital*, 120 Mass. 432, if the home had been incorporated the plaintiff could not have maintained this action against it, for such a corporation was held in that case not to be liable for the negligence of its servants properly selected when acting in the performance of their prescribed duties.  See also *Benton* v. *Boston City Hospital*, 140 Mass. 13.  Among the reasons given for this exemption it has been said, that being a charitable institution rendering services to the public without pecuniary profit, if the property of the charity was depleted by the payment of damages its usefulness might be either impaired or wholly destroyed, the object of the founder or donors defeated, and charitable gifts discouraged ; or that if an individual accepts the benefit of a public charity hé thereby enters into a relation which exempts his benefactor from liability for the negligence of servants who are employed in its administration, provided due care has been used in their selection.  *McDonald* v. *Massachusetts General Hospital, ubi supra.*  *Perry* v. *House of Refuge*, 63 Md. 20.  *Williamson* v. *Louisville Industrial School of Reform*, 95 Ky. 251.  *Fire Insurance Patrol* v. *Boyd*, 120 Penn. St. 624.  *Powers* v. *Massachusetts Homœopathic Hospital*, 109 Fed. Rep. 294, 303.  But whatever grounds may have been stated in support of these and other decisions which have held public charities exempt from actions caused by the negligence of attendants or servants, such an exemption may well rest upon

the application of the rule of law which makes the principal accountable for the acts of his servant or agent. Accordingly the true inquiry is whether this rule applies to the defendants. They are not shown to have selected incompetent servants, and are conceded not only to have been ignorant of the conditions which caused the alleged injury, but to have given to the plaintiff no instructions; nor can there be imputed to them knowledge in fact of any order given by their agents to him.

By the case of *Foreman* v. *Mayor of Canterbury*, L. R. 6 Q. B. 214, following the decision in the leading case of *Mersey Docks* v. *Gibbs*, L. R. 1 H. L. 93, it was decided that there was no distinction as to liability for the negligence of servants whether they were employed by a corporation established for a public purpose, or by a private person or corporation. This doctrine was approved and followed in the cases of *Glavin* v. *Rhode Island Hospital*, 12 R. I. 411, and of *Donaldson* v. *General Public Hospital*, 30 N. B. 279, where a public charity was held liable in tort for damages suffered by patients from the negligence of servants, though subsequently, by the Pub. Laws of R. I. (1880) c. 802, such institutions in that State are now exempt from this measure of liability. The plaintiff's argument in effect asks us to follow the last two cases, which have been decided since our former decision in *McDonald* v. *Massachusetts General Hospital*, 120 Mass. 432. But in this Commonwealth the rule of liability enunciated by the principal case has not been so broadly applied, and neither cities and towns in the performance of authorized municipal acts independently of certain exceptions defined by our decisions, nor public officers, although liable in damages for personal acts of negligence which cause injury to the persons or property of others when discharging the duties of their office, are held liable for the misfeasance of their servants. *Hill* v. *Boston*, 122 Mass. 344. *Tindley* v. *Salem*, 137 Mass. 171. *Benton* v. *Boston City Hospital*, *ubi supra*. *Rome* v. *Worcester*, 188 Mass. 307. *Dickinson* v. *Boston*, 188 Mass. 595, 599, and cases cited. *Moynihan* v. *Todd*, 188 Mass. 301, 304–306, and cases cited. *Haley* v. *Boston*, 191 Mass. 291, 292. See also 2 Dill. Mun. Corp. (4th ed.) § 974. The reason for this rule is, that acting for the benefit of the public solely in representing a public interest, whether by a municipality or by a public officer,

does not involve such a private pecuniary interest as lies at the foundation of the doctrine of *respondeat superior.* While such officers may well be held liable for their personal negligence it would be unreasonable and harsh to hold them responsible for the negligence of their servants or agents.

There would seem to be in principle no sound distinction between an action for negligence by which personal injuries have been received, directly instituted against the charity by the person injured, where its corporate form renders such procedure possible or expedient, and the present case. The object of the charity is the same whether administered by trustees elected by a corporation, or selected and appointed under a deed of gift; and even if the terms of the settlement are not referred to in the exceptions, the trust is stated to be perpetual, and if so its provisions can be enforced in equity. Under either form of administration those who administer the trust act essentially in a representative and not in a private capacity, and such trustees are not within the rule which holds the master liable, because, as we have said, where that rule applies the servant is acting, not only under his orders but also for his benefit, and in the furtherance of the master's business. *Farwell* v. *Boston &amp; Worcester Railroad,* 4 Met. 49, 55.

In no correct or just sense can it be said that the defendants were conducting a business, or engaged in an enterprise, from which they received or could expect to derive any monetary advantage or private emolument. They were serving without compensation in the supervision of a home for indigent boys, which was established for the purpose of enabling them to become self-supporting and efficient members of society. Their duty to the plaintiff in the exercise of this function did not extend beyond the requirement of using reasonable care to select competent servants, and the demands of substantial justice are met if as charitable trustees they are not charged with the negligence of those so employed. *McDonald* v. *Massachusetts General Hospital, ubi supra.*

We are not unmindful that the remedy which the plaintiff may have against a fellow servant for the negligence, if any, which caused the accident may be wholly theoretical and of little practical value, yet we deem it to be in accord, not only

with our own decisions but with the weight of authority, to decide that the present action cannot be maintained, and that the ruling directing a verdict for the defendants was right. *Heriot's Hospital* v. *Ross*, 12 Cl. & F. 507. *Powers* v. *Massachusetts Homœopathic Hospital, ubi supra. Perry* v. *House of Refuge, ubi supra. Williamson* v. *Louisville Industrial School of Reform, ubi supra. Fire Insurance Patrol* v. *Boyd, ubi supra. Van Tassell* v. *Manhattan Eye & Ear Hospital*, 15 N. Y. Supp. 620; 621, and note. *Joel* v. *Woman's Hospital*, 35 N. Y. Supp. 37. *Downes* v. *Harper Hospital*, 101 Mich. 555. *Pepke* v. *Grace Hospital*, 130 Mich. 493. *Hearns* v. *Waterbury Hospital*, 66 Conn. 98. *Eighmy* v. *Union Pacific Railway*, 93 Iowa, 538. *Union Pacific Railway* v. *Artist*, 60 Fed. Rep. 365.

*Exceptions overruled.*