Johnson, J.
The question presented by the demurrer to the second defense of the answer is, whether under the facts set out in that defense, the defendant is liable for the negligence of the nurse in leaving the sponge in the body of the deceased. More definitely: Do the averments that the defendant is a public and charitable corporation engaged in operating, maintaining and supporting a public charitable hospital in the manner and for the purposes set forth, exempt defendant from liability for the negligence of the nurse in connection with the operation on the decedent at the time she was a pay patient of the hospital?
This question has been decided in some other jurisdictions, and counsel have rendered valuable assistance by able and exhaustive briefs.
Defendant contends that the judgments of the courts below may be sustained on all or any of several grounds, the first of which is, that being a charitable corporation operating a charitable hospital it was not liable for the negligence of its employes if such employes were selected with *98 reasonable care. The position of plaintiff is that the doctrine of respondeat superior applies, and should be enforced notwithstanding the character of the corporation or the nature of its undertakings, and that having accepted deceased as a pay-patient, a contractual relation existed between the parties which imposed obligations on the defendant different from those to one who did not sustain such relation. Section 3240, Revised Statutes, provides for the election of trustees of a corporation such as defendant and Section 3261, Revised Statutes, provides that the trustees of a corporation created other than for profit shall be personally liable for all debts of the corporation contracted by them.
There is a direct allegation in the answer in this case that defendant is a public and charitable corporation maintaining a public and charitable hospital. We think this hospital owned and operated in the manner set out is a public charity and this without reference to whether some of the patients are what are termed pay patients or not.
In Gerke v. Purcell, 25 Ohio St., 229, the court declare: “The fact that the use of property is free is not a necessary element in determining whether the use is public or not. If the use is of such a nature as concerns the public, and the right to its enjoyment is open to the public upon equal terms, the use will be public, whether a compensation be exacted or not.”
In McDonald v. Massachusetts General Hospital, 120 Mass., 432, the corporation, from the description of its objects and the manner of its creation and operation, was similar to the defendant in this *99 case. The court say in deciding the case: “The fact that its funds are supplemented by such amounts as it may receive, from those who are able to pay wholly or entirely for the accommodation they receive, does not render it the less a public charity. All sums thus obtained are held upon the same trust as those which are the gifts of pure benevolence. * * * If, however, any contract can be inferred from the relation of the parties, it can be only on the part of the corporation that it shall use due and reasonable care in the selection of its agents. * * * The liability of the defendant corporation can extend no further than this; if there has been no neglect on the part of those who administered the trust and control its management, and if due care has been used by them in the selection of their inferior agents, even if injury has occurred by the negligence of such agents, it can not be made responsible. The funds entrusted to it are not to be diminished -by such casualties, if those immediately controlling them have done their true duty, in reference to those who have sought to obtain the benefit of them.”
In Hearns v. Waterbury Hospital, 66 Conn., 98, the court state that the only question, was the liability of the defendant for the negligent conduct of physicians and nurses employed by it, and in the selection of whom it has exercised due care. In this case there is a very full discussion of English and American cases touching the question and the conclusion arrived at was that the hospital corporation was not liable, on grounds of public policy, for injuries caused by personal neglect of *100 duty by a servant whom it has selected with due care.
The plaintiff in Powers v. Mass. Homeopathic Hospital, 109 Fed. Rep., 294, was a pay patient and was injured by the negligence of a nurse in placing a rubber bag full of hot water against her side, burning her. Her counsel contended as counsel for plaintiff in this case contend, that she being a pay patient, the hospital was liable because she was not the recipient of its charity, but the court denied the relief and say: “In our opinion
a paying patient in the defendant hospital, as well as a non-paying patient seeks and receives the services of a public charity.”
Liability to a pay patient was denied in Downes v. Harper Hospital, 101 Mich., 555, and one of the grounds on which the court put its decision was that decedent having accepted the benefit of the charity did so on the understanding that the fund could not be diverted by the torts of the managers of the fund or their employe. The court say: “The fact that patients who are able to pay are required to do so does not deprive the defendant of its eleemosynary character nor permit a recovery on account of the existence of the contract relations.”
Other cases in which the same conclusion was arrived at, some of the courts adopting a somewhat different line of reasoning, are: Farrigan v. Pevear, 193 Mass., 147; Fire Ins. Patrol v. Boyd, 120 Pa. St., 624; Union Pac. Ry. Co. v. Artist, 60 Fed. Rep., 365.
Judge Stewart in his excellent work on legal medicine, Section 96, after an examination of the *101 cases on the subject says: “The doctrine of the Massachusetts cases may be said to be the law followed by other states and is the proper legal view to take of this question, the reasoning of the court being so sound as to seem irrefutable.”
Counsel for plaintiff suggests that some of the American cases are predicated on the English case Holliday v. Vestry of St. Leonard’s, 11 C. B., (N. S.), 192, and some other cases which he insists have been impliedly repudiated by the later case of Mersey Docks v. Gibbs, L. R., 1 H. L., 93, which enforced the doctrine of respondeat superior.
We think this contention is not sound because the company in the latter case was a trading company and not a public charity in the sense that defendant here and similar corporations are. Mr. Justice Blackburn who gave opinions in the cases referred to, said in Mersey Docks v. Cameron, 11 H. L., 465: “Whatever may be the law as to exemption of property occupied for charitable purposes it is clear that the docks in question can come within no such exemption.”
But even if it appears that the greater weight of authority outside of Ohio falls against his view, counsel for plaintiff insists that such authority is not in harmony with the established doctrine in this state, and refers to the cases of Smith v. Cincinnati, 4 Ohio, 500-514; Dayton v. Pease, 4 Ohio St., 80; Dunn v. Agricultural Society, 46 Ohio St., 96; Toledo v. Cone, 41 Ohio St., 149; Murphy, Admr., v. Holbrook, 20 Ohio St., 137. We do not think these cases sustain plaintiff’s view of the question made by this answer. Smith v. Cincinnati, Dayton v. Pease, and Toledo v. Cone, were cases in which *102 the injury was done by employes of the cities, in the performance of public works, undertaken for the benefit of the. cities and in the exercise of powers and duties granted and imposed on them as municipal corporations.
Of course under familiar rules they were liable for the wrongful acts of their servants.
In Dunn v. Agricultural Society the fair grounds were kept and the fair conducted not as a thing free to the public; Judge Williams in declaring the judgment of the court says as to the rule of exemption from liability that “it has no application to corporations called into being by the voluntary action of the individuals forming them for their own advantage, convenience or pleasure.”
In Murphy v. Holbrook the receivers of a railroad company were held liable for injuries to plaintiff’s intestate, and it was held to be “no defense in such action that the receiver was a public officer or that he was an agent or trustee.”
But the receivers of a railroad company or other corporation hold the property in trust for the benefit of the company and its creditors, and when operated by the receivers under order of court, the object is to preserve the property and if possible earn something for the benefit of the company and its creditors.
It is not an enterprise to serve and benefit the public solely. There is disclosed in some of the cases and in the argument for defendant a singular disposition to question the fundamental soundness of the doctrine of respondeat superior. We are not disposed to lend support to such tendency.
*103 Experience has shown that the ends of justice are best secured by holding the master responsible for injuries caused by the wrongful acts of his servant done in the prosecution of his private ends and for his benefit.
Doubtless the rule will be extended to meet the requirements of manifold new conditions brought about by growth and advance. Courts are constantly confronted with the necessity of extending established principles to new conditions. But in this case it is sought to extend the rule to masters different from others and who do not come within its reason, and to hold a public charity involving no private profit responsible for the negligence of servants employed solely for a public use and a public benefit. We think such extension is not justified. Public policy should and does encourage enterprises with the aims and purposes of defendant and requires that they should be exempted from the operation of the rule.
We think there is no error in the record and the judgments of the courts below are affirmed.

Judgment affirmed.

Spear, C. J., Davis, Shauck, Price and Donahue, JJ., concur.