EVERETT C. BROWN *vs.* INHABITANTS OF EDGARTOWN.
LUELLA NORTON *vs.* SAME.

Suffolk.   May 17, 1920. — June 30, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Malicious Prosecution. Municipal Corporations,* Officers and agents, Liability in tort. *Abuse of Process. Conspiracy. Actionable Tort.*

> Neither an action for malicious prosecution nor an action for abuse of process nor an action for causing the plaintiff, through a conspiracy and by unlawful means, to leave a town, can be maintained against the town although such unlawful acts were done by persons who were officers, servants and agents of the town and the town has adopted a vote purporting to authorize them to do the unlawful acts in its behalf or a vote purporting to ratify such acts after they were done, the town having no power to commit such acts and the votes therefore being wholly illegal and without effect.

TWO ACTIONS OF TORT, the declaration, as amended, containing counts, described in the opinion, respectively charging malicious prosecution, abuse of legal process and conspiracy by unlawful means to cause the plaintiffs to leave the defendant town. Writs dated March 3, 1919.

In the Superior Court the defendant demurred to the declaration as amended. The demurrers were heard by *Hammond, J.,* and were sustained. Thereafter judgments were entered for the defendant; and the plaintiffs appealed.

The cases were submitted on briefs.

*J. L. Sheehan & F. W. Miller, Jr.,* for the plaintiffs.

*F. Rackemann, B. T. Hillman & R. W. Dunbar,* for the defendant.

PIERCE, J. These two actions were heard together, and in each a demurrer was sustained to the amended counts of the declarations. After entry of final judgments the cases are before this court on appeal.

The question presented is whether a Massachusetts town which has authorized by vote its servants, agents and officers, or has ratified by vote the acts of its servants, agents and officers, may be held liable in an action of tort for malicious prosecution, abuse of legal process, or conspiracy, for the damages sustained by a person or persons injured thereby, when such actions or either of them was authorized or ratified by the town for the purpose of forcing such person or persons to leave the town where they had an established business.

The demurrer admits that the town with malice and without reasonable and probable cause, authorized or subsequently ratified the acts of its servants, agents and officers whereby the plaintiffs were charged in the District Court of the County of Dukes County with the crimes of drunkenness and larceny. It also admits that the plaintiffs were arrested following the complaints, that they gave bail, and that they were tried and were discharged on the complaints after a full hearing.

It was said in *Thayer* v. *Boston,* 19 Pick. 511, at page 515, by Chief Justice Shaw: "There is a large class of cases, in which the rights of both the public and of individuals may be deeply involved, in which it cannot be known at the time the act is done, whether it is lawful or not. The event of a legal inquiry, in a court of justice, may show that it was unlawful. Still, if it was not known and understood to be unlawful at the time, if it was an act done by the officers having competent authority, either by express vote of the city government, or by the nature of the duties and functions with which they are charged, by their offices, to act upon the general subject matter, and especially if the act was

done with an honest view to obtain for the public some lawful benefit or advantage, reason and justice obviously require that the city, in its corporate capacity, should be liable to make good the damage sustained by an individual, in consequence of the acts thus done." In this Commonwealth a town in its corporate capacity will not be bound, by express vote or by subsequent ratification, to the performance of contracts or to answer in damages for the torts of its servants and agents where the acts and duties were in their nature unlawful or prohibited, or were wholly beyond the powers of the town as not coming within the scope of the objects and purposes for which it was incorporated. *Anthony* v. *Adams*, 1 Met. 284.

A town in Massachusetts never had a common law or statutory right to "warn out" and expel persons merely because such persons were undesired, through persecution, using as instruments thereof criminal conspiracy, abuse of civil process, and false and unfounded complaints to the court. As a matter of law, the absence of such power and the consequent illegality and utter inefficacy of a vote passed for such purpose must have been known and understood at the time the vote was passed authorizing or ratifying the acts done or to be done. *Cavanagh* v. *Boston*, 139 Mass. 426. *McCarthy* v. *Boston*, 135 Mass. 197. *Lemon* v. *Newton*, 134 Mass. 476. See, in this connection, *Buttrick* v. *Lowell*, 1 Allen, 172; *Bolster* v. *Lawrence*, 225 Mass. 387.

*Judgment affirmed.*