EVERETT C. BROWN *vs.* THEODORE S. WIMPENNY & others.
LUELLA NORTON *vs.* SAME.

Suffolk. March 28, 1921. — June 30, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Malicious Prosecution. Evidence,* Of malice. *Practice, Civil,* Exceptions.

In an action against two defendants for malicious prosecution, where it was alleged in the declaration in substance that the defendants conspired together to force the plaintiff to leave a town and, to effectuate that purpose, caused criminal complaints to be brought against him which subsequently terminated in his favor, there was evidence that one of the defendants, when near to or in front of the plaintiff's place of business, not infrequently stared in; that he talked with the plaintiff's customers and others, shook his finger at the plaintiff and made faces at him; that the same defendant ordered the town officer in charge of highways to remove a sign belonging to the plaintiff which projected into the highway; that the plaintiff had heard the same defendant when under the influence of liquor say in a low voice "I will fix that fellow, I will get him out of town;" that the other defendant, who had been a customer of the plaintiff, ceased to patronize him and that both defendants were present when the criminal cases against the plaintiff were on trial. *Held,* that these facts fell far short of showing any instigation, direction or control of the criminal proceedings against the plaintiff by the defendants or any conspiracy on their part.

At the trial of the action above described, it appeared that the defendants, who were selectmen of a town, in their official capacity authorized the employment

of the town counsel to assist the town constable in the prosecution of complaints against the plaintiff for selling liquor illegally and for larceny, which resulted in favor of the plaintiff. There was evidence that, when requested to do so, it was the custom in all towns in the county to employ counsel to assist an officer in the prosecution of criminal complaints. There was no evidence tending to show that the defendants in the employment of counsel acted maliciously or that they assumed control or direction of the prosecution. *Held*, that it could not have been found that the town counsel in the prosecution of the complaints was the agent of the defendants personally.

Where at the trial of an action the evidence was insufficient to warrant a verdict for the plaintiff, exceptions by the plaintiff to the admission of evidence which did not impair nor destroy the probative effect of evidence received without his exception must be overruled.

In the action above described it was *held*, that exceptions by the plaintiff to the exclusion of evidence, which if admitted would not have warranted the submission of the action to the jury because it did not add to the effect of the evidence already admitted so far as it related to the question of liability, must be overruled.

TWO ACTIONS OF TORT against Theodore S. Wimpenny, Alfred A. Averill and George N. Cleveland for malicious prosecution. Writs dated November 7, 1917.

The declaration as amended in the first action was in four counts, the first count alleging that the defendants maliciously and without probable cause on or about August 1, 1916, charged the plaintiff with the crime of selling liquor and that he was arrested, tried and acquitted; the second count alleging that on or about July 1, 1917, the defendants with malice and without probable cause charged him with larceny and that he was arrested and discharged; the third count alleging that the defendants, in furtherance of a conspiracy entered into between themselves for the purpose of driving the plaintiff from town, caused complaint to be made against him for larceny and that he was arrested, tried and acquitted; and the fourth count alleging that the defendants maliciously and without probable cause on or about July 9, 1917, charged the plaintiff with larceny, that he was summoned to court and that the case subsequently was dismissed and he was discharged. The declaration as amended in the second action was in three counts, the first count alleging that the defendants on or about July 1, 1917, maliciously conspired to force the plaintiff out of business as a barber in Edgartown and that in furtherance thereof, she was arrested, charged with the crime of larceny, tried and discharged; the second count alleging that the defendants, on or about July 1, 1917, maliciously and without probable cause caused complaint to

be made against the plaintiff for larceny, that she was arrested, the case was dismissed, and the plaintiff was discharged; and the third count alleging that the defendants, on or about July 9, 1917, maliciously and without probable cause charged the plaintiff with larceny, that she was summoned to court, and the case was dismissed and she was discharged.

In the Superior Court the actions were tried together before *Hammond*, J. Material evidence is described in the opinion. At the close of the evidence and subject to exceptions by the plaintiffs the judge ordered verdicts for the defendants Wimpenny and Averill. The judge also ordered verdicts for the defendant Cleveland on the first and third counts of the plaintiff Brown's declaration and on the first count of the plaintiff Norton's declaration. The jury returned verdicts against the defendant Cleveland in the sum of $1,800 for the plaintiff Brown and in the sum of $2,200 for the plaintiff Norton. The plaintiffs alleged exceptions.

*J. L. Sheehan & F. W. Miller, Jr.*, for the plaintiffs, submitted a brief.

*F. Rackemann*, (*R. W. Dunbar* with him,) for the defendants Wimpenny and Averill.

JENNEY, J. Everett C. Brown, the plaintiff in one of the cases now decided, in the different counts of his declaration alleges in substance that the defendants maliciously and without probable cause instituted or caused to be instituted criminal proceedings against him which have terminated in his favor; that they entered into a conspiracy to force him to leave the town of Edgartown in which he carried on business as a barber, and to effectuate said purpose caused complaints to be made in the District Court of the County of Dukes County, charging him with the crime of larceny, hired counsel to prosecute said complaints and produced witnesses at the trial thereof; and that the proceedings under the complaints were terminated in his favor. Luella Norton, who is the plaintiff in the other action, alleges that the defendants were responsible for similar infringements of her legal rights. It is assumed for the purpose of this decision that the declarations set forth good causes of action. The defendants did not demur.

The actions were tried together before a jury, and the plaintiff in each case had a verdict against George N. Cleveland, one of the defendants. Verdicts were ordered in favor of the other de-

fendants, Theodore S. Wimpenny and Alfred A. Averill, and the cases are here on the plaintiffs' exceptions to this direction. Cleveland has died since the rendition of the verdicts, and the actions are now pending only against Wimpenny and Averill who are hereinafter called the defendants.

The principal question for decision is whether there was any evidence for the jury that the defendants were responsible for what happened to the plaintiffs. They were, throughout the time involved in the proceedings, selectmen of Edgartown. A careful examination of the bill of exceptions discloses no participation in or control over the proceedings. There was evidence in behalf of the plaintiff that Wimpenny when near or in front of the plaintiff Brown's place of business not infrequently "stare[d] in;" that he talked with Brown's customers and with others, shook his finger at Brown and made faces at him; that he ordered the town officer in charge of highways to remove a sign belonging to Brown which projected into the highway; that the plaintiff Brown had heard the defendant Wimpenny when under the influence of liquor say in a low voice, "I will fix that fellow, I will get him out of town;" that Averill, who had been a customer of the plaintiff Brown, ceased to patronize him; and that both defendants were present when the criminal cases against the plaintiffs were on trial. These facts fall far short of showing any instigation, direction or control of the criminal proceedings against the plaintiffs by the defendants, or any conspiracy on their part.

The plaintiffs, however, argue that there was evidence warranting submission of the cases to the jury (assuming that other essential elements necessary to constitute an infraction of their legal rights were established) because the jury could have found that the defendants as selectmen of Edgartown directed Mr. Hillman, who was and had been for many years counsel for that town, to appear in the prosecution of the criminal proceedings against the plaintiffs. The defendant Wimpenny, called as a witness by the plaintiffs, in the course of his direct examination testified, "It is the custom in all the towns in Dukes County to employ counsel for an officer to prosecute when requested to do so." This was corroborated by testimony offered by the defendants. The defendant Averill, also called by the plaintiffs, testified, while under examination by them, that he did "agree to employ Mr.

Hillman to prosecute the liquor case against Mr. Brown; that Mr. Coffin, chairman of the Board, had asked Mr. Hillman to appear." Mr. Coffin died before institution of the actions. On examination in his own behalf and that of the other defendants, Averill testified that " so far as he knew no directions or instructions of any kind were given to Mr. Hillman . . . beyond assisting and advising the constable." The jury were not obliged to believe this; but there was no evidence to the contrary, and disbelief of the testimony did not tend to prove that the defendants did give directions or instructions to Mr. Hillman, or that they assumed to control or direct or did control or direct his actions, or that he represented them or either of them.

The plaintiffs contend that the employment of counsel, purporting to represent the town and at its expense, rendered the attorney so employed in effect the agent of the defendants, and that they were liable for what he did in prosecution of the criminal complaints and that they were chargeable with his knowledge. There was no evidence tending to show that the defendants in employing counsel at the expense of the town acted maliciously, rather to injure the plaintiffs than to discharge a duty customarily performed in behalf of the public. They assumed no control or direction of the prosecutions, and committed no personal act of misfeasance. It could not have been found that Mr. Hillman was their agent. He neither acted in their behalf nor on their credit. It follows that the wrong committed, if any, was not the tort of the defendants, and that verdicts were properly ordered in their favor. *Armstrong* v. *Stair*, 217 Mass. 534. *Healey* v. *Lothrop*, 171 Mass. 263. *Moynihan* v. *Todd*, 188 Mass. 301, 304. *Barry* v. *Smith*, 191 Mass. 78, 89. *Farrigan* v. *Pevear*, 193 Mass. 147, 150. *Johnson* v. *Somerville*, 195 Mass. 370. *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174. This result is not affected if it be assumed that the defendants as selectmen had no right to engage counsel. The relation of principal and agent between the selectmen and the person employed did not arise even if there was lack of authority to bind the town by the employment. See *Brown* v. *Edgartown*, 236 Mass. 258.

The remaining exceptions need not be considered in detail. If there was error it did not prejudice the plaintiffs. As the evidence admitted under their exception did not impair nor destroy the

probative effect of that which had been received without exception on their part, it could not affect the question of whether there was evidence sufficient to warrant the submission of the cases to the jury. So far as the evidence excluded is set forth in the exceptions, its admission would not have entitled the plaintiffs to go to the jury, as it did not add to the effect of that already in the case so far as it related to the question of liability.

*Exceptions overruled.*