KEJDY WOJNAR *vs.* COUNTY OF WORCESTER.

Worcester.     September 27, 1927. — October 14, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Municipal Corporations,* Responsibility of county for trespass in construction of drain by town. *County.*

If land abutting a highway unlawfully is entered upon, and a concrete head wall and a conduit built thereon, by a building contractor acting under a contract with a town for the performance of work required by a decree of county commissioners entered under G. L. c. 82, § 8; St. 1921, c. 401, directing relocation, alteration and specific repairs upon a highway but not taking any land of the plaintiff or any easement therein under § 7, and as a result of such structures water is caused to be discharged upon the land, its owner cannot maintain a suit in equity against the county to enjoin such unlawful acts and trespass.

BILL IN EQUITY, filed in the Superior Court on November 24, 1925, and described in the opinion.

The suit was heard by *Lummus*, J.   Material facts found by him are stated in the opinion.   By his order a final decree was entered dismissing the bill.   The plaintiff appealed.

*C. E. Tupper*, for the plaintiff.

*R. B. Dodge*, for the defendant.

CROSBY, J.   The bill alleges that the defendant by its county commissioners, its agents and servants, unlawfully entered upon the plaintiff's land and laid a sewer pipe therein connecting with drains or sewers in an adjacent highway; that it built a wall on the plaintiff's land and dug an open ditch extending from the pipe and wall across the plaintiff's land; and that it has converted to its own use the soil excavated in the digging of the ditch; all to the damage of the plaintiff.

The prayers of the bill are that the defendant be enjoined from turning water from the highway through the pipe and ditch upon the plaintiff's land; that an injunction issue directing the defendant to remove the pipe and wall, fill up the ditch and restore the land to the condition it was in before the alleged acts were committed; and that the plaintiff be awarded her damages and costs.

The county commissioners, acting under G. L. c. 82, § 8, as amended by St. 1921, c. 401, duly entered a decree dated August 8, 1924, which directed the relocation, alteration and specific repairs upon a highway known as Providence Street, in the town of Grafton.   The plaintiff owned land abutting on the highway, but under the decree no part of it, nor any easement therein, was taken.   The decree contained no detailed specifications, but provided that "The road shall be graded, resurfaced, drained and otherwise improved in accordance with the standard specifications of the department of public works, division of highways, and under the direction of the engineer of said department.   Suitable guard rails shall be built where in the opinion of the county commissioners such a safeguard is necessary to protect travellers on the highway.   All of the work done and all material furnished shall be to the satisfaction of the county Commissioners."   The commissioners retained only the right to determine where guard rails should be erected, and

whether the work to be done and the material furnished would be satisfactory to them.

Under the statute above referred to the town of Grafton was required to perform the work specified, and the county commissioners were authorized to reimburse the town for any part of the expense incurred in carrying out the decree. The town entered into a contract with one Haggerty to perform the work, and it was done under the direction of an engineer of the department of public works, division of highways.

The trial judge found that Haggerty built upon the plaintiff's land a concrete head wall and a conduit which permitted surface water from the highway, after collecting in catch basins, to flow through the conduit and be discharged upon the plaintiff's land, and thence to flow across that land through a ditch, constructed thereon by Haggerty. In accordance with an order of the judge a final decree was entered dismissing the bill with costs.

Sheet 9 of the plans under which the work was performed by Haggerty was prepared under the direction of the State engineer, but it is not referred to in the decree of the county commissioners. They were not required by law to file any plan, and sheet 9 can in no way affect the decree by which all the parties in interest are bound. If it had provided that work should be done or structures built outside the described location, the county would not be bound thereby. G. L. c. 82, § 7, provides that "If it is necessary to acquire land for the purpose of laying out, altering or relocating a highway, the commissioners shall, at the same time that the highway is laid out, altered or relocated, take such land by eminent domain under chapter seventy-nine." The decree shows that no land of the plaintiff or easement therein was taken. The county therefore is not liable for any acts done on her land. It was said in *Turner* v. *Dartmouth*, 13 Allen, 291, at page 293, "It is settled that within the limits of a highway the officers of the town may construct drains and culverts, and if the surface water, after flowing in them for some distance, turns upon the land of an adjoining proprietor, no action lies for the damage thereby occasioned."

This principle, so firmly established, has been affirmed in many cases. *Anthony* v. *Adams,* 1 Met. 284, 285, 286. *Cavanagh* v. *Boston,* 139 Mass. 426. *Rome* v. *Worcester,* 188 Mass. 307. *Pinkerton* v. *Randolph,* 200 Mass. 24. *Donohue* v. *Newburyport,* 211 Mass. 561, 565. *Brown* v. *Edgartown,* 236 Mass. 258. *Ducey* v. *Webster,* 237 Mass. 497. See also *Franklin* v. *Fisk,* 13 Allen, 211; *Moynihan* v. *Todd,* 188 Mass. 301.

After the entry of the decree, except to see that its terms were carried out, the county commissioners were not responsible for any acts done by the town of Grafton or by Haggerty. The commissioners had no right to reconstruct the highway unless the town neglected to do so; in that event they might cause it to be completed, the same to be done in accordance with G. L. c. 82, § 14. The damage suffered by the plaintiff occurred on her land outside of the location of the highway, for which the county is not liable. In *Donohue* v. *Newburyport, supra,* it was said at page 565, "This principle of exoneration is not one of narrow or technical reasoning, but rests upon the broad foundation widely accepted in most jurisdictions, that an agency of government, while engaged upon duties imposed solely for the benefit of the public, is not liable for the negligent performance of such duty." It follows that although the acts done upon the plaintiff's land were unlawful and constituted a trespass, the county in its corporate capacity is not answerable.

The final decree is affirmed with costs of the appeal.

*Ordered accordingly.*