TIMOTHY MOYNIHAN *vs.* FRANK P. TODD.
ABBIE M. MOYNIHAN *vs.* SAME.
MATTHEW H. TOOMEY *vs.* SAME.

Essex.    March 3, 1904. — May 25, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Municipal Corporations.    Superintendent of Streets.    Negligence.*

Discussion by KNOWLTON, C. J. of the liability of officers and agencies of government for negligence in the performance of public duties.

A municipal officer is not exempt from liability for acts of personal misfeasance in the performance of a public duty.

If the superintendent of streets of a town is personally negligent in superintending the blasting of a rock in a highway, he is liable to one who in the exercise of due care is injured from being struck by pieces of the rock.

THREE ACTIONS OF TORT against the superintendent of streets of the town of Rowley for personal injuries received in the manner stated in the opinion. Writs dated January 8 and 9, 1902.

In the Superior Court the cases were tried together before *Mason*, C. J., who ordered verdicts for the defendant. The plaintiffs alleged exceptions.

The cases were argued at the bar in March, 1904, before *Knowlton*, C. J., *Morton*, *Hammond*, *Loring*, & *Braley*, JJ., and afterwards were submitted on briefs to all the justices.

*H. I. Bartlett*, (*R. E. Burke* with him,) for the plaintiffs.

*G. B. Blodgette*, (*H. P. Moulton* with him,) for the defendant.

KNOWLTON, C. J.    These three actions are founded upon the alleged negligence of the defendant in carelessly blasting a rock in a highway, whereby the plaintiffs Toomey and Abbie M. Moynihan were struck by pieces of rock and injured, and the plaintiff Timothy Moynihan, husband of Abbie, was put to expense on account of his wife's injury.    It was admitted that the injured plaintiffs were in the exercise of due care.

The defendant was the superintendent of streets for the town of Rowley, and at the time of the accident he was repairing a street, with others working under his direction and subject to his control.    He directed that a boulder be removed by blasting, and just before the explosion he went away a short distance from it, to be beyond the reach of the broken rock that might be thrown out by the blast.    The evidence would have warranted a finding that, if there was negligence in blasting the rock, he was legally responsible for the consequences of it, unless he was relieved from liability by the fact that he was acting as a public officer.    The jury might have found that he was personally negligent, and it is plain from the testimony that he had the management and control of the repairs then in progress on the highway, and that the men who were employed by him on the different parts of the work acted under his direction.    *Elder* v. *Bemis*, 2 Met. 599, 605.    *Bickford* v. *Richards*, 154 Mass. 163. *Delory* v. *Blodgett*, 185 Mass. 126, and cases cited.    We come now to the question whether he was exempted from liability by the rules of law applicable to public officers.

Under the statute which authorizes the appointment of a superintendent of streets in a town, he was to "have the same powers and be subject to the same duties, liabilities and penalties which have been imposed upon surveyors of highways and road commissioners."    Sts. 1889, c. 98; 1893, c. 423, §§ 25, 26; 1894, c. 17.    R. L. c. 25, §§ 85, 86.    These statutes, however, do not make this officer liable to a fine for non-acceptance of his appointment to office by the selectmen, as highway sur-

veyors and some other town officers are for a neglect to take the oath of office after an election in town meeting. See R. L. c. 25, § 97. Although the language of some of the decisions suggests a distinction between the performance of public duties voluntarily undertaken and the performance of them under the compulsion of a statute, we shall assume in favor of the defendant, for the purposes of this decision, that the difference is immaterial, and shall treat the defendant as if he were a highway surveyor. See *Nowell* v. *Wright*, 3 Allen, 166; *Tindley* v. *Salem*, 137 Mass. 171, 175. A highway surveyor is not liable to an action at common law in Massachusetts for negligently omitting to perform the duties of his office, or for performing them in such a negligent manner as to fail to give the public the benefits which they ought to receive in the enjoyment of good roads. His only liability for this kind of negligence is statutory. R. L. c. 25, § 82. *Callender* v. *Marsh*, 1 Pick. 418. *Elder* v. *Bemis*, 2 Met. 599. *Benjamin* v. *Wheeler*, 15 Gray, 486. *White* v. *Phillipston*, 10 Met. 108. *Bartlett* v. *Crozier*, 17 Johns. 439.

The principal ground on which public officers find exemption from liability for negligence in the performance of their official duties in certain cases, is the same as that which relieves cities and towns and other agencies of the government from a liability to individuals for a failure to perform similar duties. Unless under some special statutory provision, a public officer can have no greater exemption from such a liability than is granted to a city or town which neglects to perform the public duties imposed upon it. *Hill* v. *Boston*, 122 Mass. 344, 361.

The subject of the liability of officers and agencies of government for negligence in the performance of public duties, was considered at great length in *Hill* v. *Boston*, 122 Mass. 344, with an elaborate review of the cases, both English and American. The rule adopted in that case is the same as previously had existed in England, and was understood to be then in force there. Following this rule, it always has been held in the American courts that an agency of government or a public officer, while performing a duty imposed solely for the benefit of the public, is not liable for a mere failure to do that which is required by the statute. Negligence that is nothing more than an omission or non-feasance creates no liability. *Russell* v. *Men*

*of Devon,* 2 T. R. 667. *Young* v. *Davis,* 7 H. & N. 760. *Cowley* v. *Newmarket Local Board,* [1892] A. C. 345. *Municipal Council of Sydney* v. *Bourke,* [1895] A. C. 433. *Tindley* v. *Salem,* 137 Mass. 171. *Mahoney* v. *Boston,* 171 Mass. 427. *Sampson* v. *Boston,* 161 Mass. 288. *Maxmilian* v. *Mayor of New York,* 62 N. Y. 160. *Eastman* v. *Meredith,* 36 N. H. 284. *Brown* v. *Vinalhaven,* 65 Maine, 402. *Colwell* v. *Waterbury,* 74 Conn. 568. *Condict* v. *Mayor of Jersey City,* 17 Vroom, 157. *Nicholson* v. *Detroit,* 129 Mich. 246. *Kuehn* v. *Milwaukee,* 92 Wis. 263. *Ogg* v. *Lansing,* 35 Iowa, 495. *Bryant* v. *St. Paul,* 33 Minn. 289. *Summers* v. *Commissioners of Daviess County,* 103 Ind. 262. *Love* v. *Atlanta,* 95 Ga. 129. *Sievers* v. *San Francisco,* 115 Cal. 648. *Galveston* v. *Posnainsky,* 62 Tex. 118, 129, 131. *Conelly* v. *Nashville,* 100 Tenn. 262. Prior to the decisions in *Mersey Docks* v. *Gibbs,* L. R. 1 H. L. 93, and *Foreman* v. *Mayor of Canterbury,* L. R. 6 Q. B. 214, which overruled the case of *Holliday* v. *St. Leonard's,* 11 C. B. (N. S.) 192, it was held in England that for negligent acts of misfeasance by the servants or agents of a municipality or a public officer performing duties strictly public, there was no liability upon the employer, on the ground that the doctrine *respondeat superior* does not apply to the servants of one who is acting only as a representative of the government, for the benefit of the public. *Holliday* v. *St. Leonard's, ubi supra. Duncan* v. *Findlater,* 6 Cl. & F. 894, 903. *Hall* v. *Smith,* 2 Bing. 156, 159. This is the rule generally in the American courts. *Sampson* v. *Boston,* 161 Mass. 288. *Curran* v. *Boston,* 151 Mass. 505. *Mahoney* v. *Boston,* 171 Mass. 427. *Kelley* v. *Boston,* 186 Mass. 165. See also cases above cited. But now the law in England seems to hold agencies of the government liable for injuries from acts of misfeasance committed by servants or agents engaged in a public work. See *Foreman* v. *Mayor of Canterbury,* L. R. 6 Q. B. 214.

In this Commonwealth, in the course of years, the application of the law in regard to the liability of municipalities and public officers for negligence has produced a variety of statements, and perhaps some conflict of decision. While we never have adopted the present English rule establishing a general liability of the master for the misfeasance of his servants in this class of cases, and sometimes have stated rather broadly a general exemption

from liability for negligence while performing public work, it repeatedly has been intimated that a liability for individual and personal acts of misfeasance exists in these cases as well as others. This was expressly stated in *Howard* v. *Worcester*, 153 Mass. 426, 428, and the reasons given for the decision in *McKenna* v. *Kimball*, 145 Mass. 555, lead to a similar result. In *Walcott* v. *Swampscott*, 1 Allen, 101, *Barney* v. *Lowell*, 98 Mass. 570, and *Fisher* v. *Boston*, 104 Mass. 87, which were suits against the town and the cities for work done by a public officer, it was held that the doctrine *respondeat superior* does not apply. In *Butterfield* v. *Boston*, 148 Mass. 544, 546, the injury was caused by a negligent act of a gateman or a draw tender, and Chief Justice Morton, in the opinion of the court, which held that an action could not be maintained against the city, said that these persons might be liable individually. In *Nowell* v. *Wright*, 3 Allen, 166, the action was against the tender of a drawbridge, an officer appointed by the Governor of the Commonwealth much as superintendents of streets are appointed by the selectmen of towns; and the injury having been caused by his personal negligence in a positive act, which thus became a misfeasance, he was held liable. See also *Young* v. *Davis*, 7 H. & N. 760, 771; *Foreman* v. *Mayor of Canterbury*, L. R. 6 Q. B. 214; *Duncan* v. *Findlater*, 6 Cl. & F. 894, 903; *Municipality of Pictou* v. *Geldert*, [1893] A. C. 524, 531; *O'Leary* v. *Board of Fire Commissioners*, 79 Mich. 281, 286; *Nicholson* v. *Detroit*, 129 Mich. 246, 258. We are of opinion that the principle which underlies the rule that public officers and other agencies of government are not liable for negligence in the performance of public duties goes no further than to relieve them from liability for non-feasance, and for the misfeasances of their servants or agents. For a personal act of misfeasance, we are of opinion that a party should be held liable to one injured by it, as well when in the performance of a public duty as when otherwise engaged. We think that the general course of decision in this Commonwealth is not in conflict with this view. But for acts of misfeasance of a servant or agent in such cases, there is no liability. This is because the rule *respondeat superior* does not apply.

There is an exception to the last branch of the rule. Whenever the work is not entirely public, but is in part for profit, or

when any element of pecuniary advantage enters into it, there is a liability for the negligent acts of servants. On this ground it was long ago held that a city or town might be liable for negligent acts of misfeasance done by its servants in the construction or repair of a common sewer. *Coan* v. *Marlborough*, 164 Mass. 206, 208. *Tindley* v. *Salem*, 137 Mass. 171. *Lynch* v. *Springfield*, 174 Mass. 430. *Norton* v. *New Bedford*, 166 Mass. 48. *Child* v. *Boston*, 4 Allen, 41. *Allen* v. *Boston*, 159 Mass. 324. *Curran* v. *Boston*, 151 Mass. 505, 508. Another and different class of cases in which there is a liability for the misfeasance of servants or agents is referred to by Chief Justice Gray in *Hill* v. *Boston*, 122 Mass. 344, 358, as follows: " If a city or town negligently constructs or maintains the bridges or culverts in a highway across a navigable river, or a natural watercourse, so as to cause the water to flow back upon and injure the land of another, it is liable to an action of tort, to the same extent that any corporation or individual would be liable for doing similar acts. *Anthony* v. *Adams*, 1 Met. 284, 285. *Lawrence* v. *Fairhaven*, 5 Gray, 110. *Perry* v. *Worcester*, 6 Gray, 544. *Parker* v. *Lowell*, 11 Gray, 353. *Wheeler* v. *Worcester*, 10 Allen, 591. So if a city, by its agents, without authority of law, makes or empties a common sewer upon the property of another to his injury, it is liable to him in an action of tort. *Proprietors of Locks & Canals* v. *Lowell*, 7 Gray, 223. *Hildreth* v. *Lowell*, 11 Gray, 345. *Haskell* v. *New Bedford*, 108 Mass. 208. But in such cases, the cause of action is not neglect in the performance of a corporate duty, rendering a public work unfit for the purposes for which it is intended, but it is the doing of a wrongful act, causing a direct injury to the property of another, outside of the limits of the public work." This doctrine was reaffirmed in *Tindley* v. *Salem, ubi supra,* and it has been applied in many cases. Its exact limits have not been very clearly defined. Perhaps it includes *Elder* v. *Bemis*, 2 Met. 599, and *Hawks* v. *Charlemont*, 107 Mass. 414, in which the reasons for the decisions were not very plainly stated, but in each of which the negligent act was a trespass causing a direct injury to the plaintiff's property outside of the limits of the highway. See also *Miles* v. *Worcester*, 154 Mass. 511; *Edgerly* v. *Concord*, 62 N. H. 8, 19; *Eastman* v. *Meredith*, 36 N. H. 284, 296; *Colwell* v. *Waterbury*,

74 Conn. 568, 573; *Mayor of New York* v. *Bailey,* 2 Denio, 433.

The result is that if the jury in the present case find that the defendant was personally negligent in causing the rock to be blasted without taking proper precaution for the safety of persons rightfully in the vicinity, a verdict should be rendered against him; but if there was no negligence in blasting the rock, or if the only negligence was that of the defendant's servants or agents, he is not liable.

*Exceptions sustained.*