CHARLES J. REAVEY *vs.* THE GUILD OF ST. AGNES.

Worcester.    September 26, 1933. — October 25, 1933.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Corporation*, Charitable: liability in tort.    *Charity.    Actionable Tort.*

Although a charitable corporation is liable for injuries sustained by reason of negligence of its servants and agents in the course of activities incidental to the corporate powers but primarily commercial in character, even though they are carried on to obtain revenue to be used for the charitable purposes of the corporation, it is not liable for such negligence occurring in the course of activities within its corporate powers carried on to accomplish directly its charitable purposes, even though such activities incidentally yield revenue.

A corporation, incorporated "for the purpose of providing a temporary shelter for needy and destitute women and children, furnishing free instruction in domestic arts to women and children and to visit the sick and to supply relief to those in want," employed, to paint one of its buildings which it used for its corporate purposes and which needed painting, one who was sent to it by a representative of "certain charitable agencies and organizations" established for the purpose of securing employment for men out of work and, in accordance with

an agreement with such agencies and organizations, paid him and then was reimbursed therefor by them. It would not have painted the building when it did were it not thus to be reimbursed. While doing the work, the employee was injured. *Held*, that the corporation, in accepting such a gift for the purpose of painting its buildings and in doing such painting, was not engaged in activities primarily commercial in character, but in activities within its corporate powers and carried on to accomplish directly its charitable purposes; and it was not liable to the employee for such injuries even if they were caused by its negligence.

TORT.    Writ dated July 20, 1931.

The declaration is described in the opinion. The defendant demurred. The demurrer was heard in the Superior Court by *Dillon*, J., and was overruled. The judge then reported his action for determination by this court.

*F. P. McKeon*, for the defendant.

*M. M. Taylor*, for the plaintiff.

FIELD, J.    This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff, while employed by the defendant in painting a building owned by it, by reason of the negligence of the defendant, its servants or agents. The defendant demurred generally and also on the specific ground that the declaration "does not state a cause of action against the defendant, which is a public charitable corporation organized and conducted as such under the laws of the Commonwealth." The trial judge overruled the demurrer and reported the case under G. L. (Ter. Ed.) c. 231, § 111, for determination by this court. At the argument it was stated that it was agreed by the parties that if the demurrer is sustained judgment may be entered for the defendant.

The declaration does not state a cause of action against this defendant. We need not consider whether it sufficiently alleges negligence, for it alleges that the defendant is a domestic charitable corporation and does not allege facts which would render such a corporation liable for negligence.

A charitable corporation is not liable for negligence in the course of activities within its corporate powers carried on to accomplish directly its charitable purposes. This is true

even though such activities incidentally yield revenue. On the other hand, there is liability for negligence in the course of activities incidental to the corporate powers but primarily commercial in character, though carried on to obtain revenue to be used for the charitable purposes of the corporation. *McKay* v. *Morgan Memorial Coöperative Industries & Stores, Inc.* 272 Mass. 121, 124, and cases cited. These principles apply to injured employees of a charitable corporation as well as to injured beneficiaries or third persons. *Farrigan* v. *Pevear,* 193 Mass. 147. *Holder* v. *Massachusetts Horticultural Society,* 211 Mass. 370. *Foley* v. *Wesson Memorial Hospital,* 246 Mass. 363, 365.

The activity of the defendant, in the course of which the plaintiff was employed, was within the defendant's corporate powers carried on to accomplish directly its charitable purposes and not primarily commercial in character. The defendant was incorporated "for the purpose of providing a temporary shelter for needy and destitute women and children, furnishing free instruction in domestic arts to women and children and to visit the sick and to supply relief to those in want." The plaintiff was employed by the defendant to paint buildings used by the defendant for that purpose. Clearly, in ordinary circumstances, painting such buildings was within the corporate powers of the defendant corporation and done to accomplish directly its charitable purposes. The plaintiff contends, however, that this was not true in the circumstances of the present case. Here, according to the allegations of the declaration, the plaintiff was employed and paid by the defendant, and the building upon which he was working when injured needed painting; though the plaintiff was sent to the defendant by a representative of "certain charitable agencies and organizations" established for the purpose of securing employment for men out of work, the defendant, in accordance with an agreement to that effect between it and such "charitable agencies and organizations," was reimbursed by them for money paid by it to the plaintiff for his work, and the defendant would not have painted the building at this time if it had not been going to be reimbursed in this man-

ner. Nothing in the allegations shows that painting the defendant's building was not within its corporate powers. The facts alleged do not have the effect of changing the relation of the plaintiff to the defendant from that of an employee to that of a beneficiary, and it is, therefore, immaterial that the plaintiff could not have been a beneficiary of the defendant. Nor is there anything in the declaration to indicate that the defendant had not the right to accept gifts designated for specific uses within its corporate powers. And the defendant, in accepting such a gift for the purpose of painting its buildings, and in doing such painting, was not engaged in activities primarily commercial in character, as were the defendants in *Holder* v. *Massachusetts Horticultural Society*, 211 Mass. 370, and *McKay* v. *Morgan Memorial Coöperative Industries & Stores, Inc.* 272 Mass. 121. The nature of the defendant's activities in receiving money from the "charitable agencies and organizations," and spending it on painting its buildings was not affected by the fact that their motive in giving money to the defendant was to secure employment for men out of work. Compare *Richardson* v. *Essex Institute*, 208 Mass. 311, 317.

> *Demurrer sustained.*
> *Judgment for the defendant.*