### ARTHUR FULGONI *vs.* THOMAS H. JOHNSTON.

Middlesex.    December 5, 1938. — February 28, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Negligence,* Public school teacher, Saw.  *Public Officer.*

A finding of negligence of a teacher in a public school toward a student experienced in the use of a band saw located in the teacher's school room but not furnished by him nor used by him in teaching nor under his control, was not warranted by evidence that the teacher gave the student permission to use the saw and that after several hours' use the student was injured through a maladjustment of the saw first apparent at some time after he began using it and not shown to have been brought to the teacher's attention.

TORT.  Writ in the Superior Court dated May 14, 1935.

A verdict for the defendant was ordered by *F. T. Hammond*, J., who reported the action.

*J. F. Connolly*, for the plaintiff.

*R. H. Bond*, (*G. G. Ackroyd* with him,) for the defendant.

QUA, J.  The plaintiff, who was a pupil in the Medford Vocational School, a public school, was injured, while operating a band saw, by his knee coming in contact with the cutting edge of the saw, which it could be found projected at the time of the accident about an eighth of an inch sidewise from the rim of the unguarded lower wheel under the "table."  The saw ran over the rubber face of the rim of this wheel.  There was evidence that the saw was three eighths of an inch wide, and that the machine was so con-

structed that the flow of the saw over the rim of the wheel could be adjusted to make the saw "track" in the center of the face of the rim and not project over the edge.

The defendant was a teacher in the school, but the actual woodworking was taught by a Mr. Roberts. The defendant taught English, science, mathematics, mechanical drawing and hygiene, which were "related" to the cabinet making course, and the defendant's school room was known as the "related room."

There was evidence of the following facts: On the morning of the accident the plaintiff asked the defendant if he [the plaintiff] could make a body post for an automobile. The defendant gave his permission. The plaintiff found both of the band saws which were in the "mill room" broken and so used a third machine which was in the "related room." The defendant and about fifteen pupils were in this room. The plaintiff worked on the saw for three and one half hours, and later, after going to lunch and to another class, started the saw again, and the accident happened. The defendant was in the room all the time while the plaintiff used the saw. It "was the custom in the school for the instructors to adjust the machines or they were adjusted by a student under the personal supervision of the instructor." If a student noticed the saw running over the edge, he would tell the instructor. A fellow student of the plaintiff testified that at some time in the morning, before the accident, when walking by, he saw "the edge of the blade running over the wheel and the cause of that was the adjustment of the top wheel was slightly off."

The age of the plaintiff does not appear, but he himself testified that he was a "senior"; that he had been enrolled in the cabinet making course for the three preceding years; that he had been taught and had worked on band saws in the junior high school and during his three years at high school; and that he had used that same band saw about ten times within a month.

The school was a free institution maintained by the city in its public or governmental capacity and not in its *quasi*

private capacity. G. L. (Ter. Ed.) c. 74, §§ 1–24. *Hill* v. *Boston,* 122 Mass. 344. The plaintiff came to the school as a member of the public entitled to enjoy its privileges. *Learock* v. *Putnam,* 111 Mass. 499, 501. The defendant was a public servant with limited duties and powers. At least since the leading cases of *Moynihan* v. *Todd,* 188 Mass. 301, and *Barry* v. *Smith,* 191 Mass. 78, it has been settled in this Commonwealth that public officers engaged wholly in the performance of public duties are liable only for their own acts of misfeasance in connection with ministerial matters. *Barry* v. *Smith, supra,* page 88. *Skerry* v. *Rich,* 228 Mass. 462. *Ducey* v. *Brunell,* 250 Mass. 114, 117. *Pease* v. *Parsons,* 273 Mass. 111, 118. *Smith* v. *Iowa City,* 213 Iowa, 391. *Ferraro* v. *Earle,* 105 Vt. 243. Compare *Bowden* v. *Derby,* 97 Maine, 536; *Moffitt* v. *Davis,* 205 N. C. 565, 568.

In our opinion the evidence would not support a verdict against the defendant under the rule just stated. Between the defendant and the plaintiff there was no relation of employer and employee. The defendant was under no obligation to furnish the plaintiff a safe machine. He did not in fact furnish the band saw and was in no way responsible for the manner of its construction or for the absence of a guard upon the lower wheel. There was no evidence that the defendant employed this machine in connection with any of the subjects which he taught, or that he had any control over it, except that it was in the "related room" where he taught and that he gave permission to use it. If negligently giving the plaintiff permission to use the machine when it was out of order would be a misfeasance within the rule hereinbefore stated, which we need not decide (see *Bell* v. *Josselyn,* 3 Gray, 309, 311; *Tibbetts* v. *Wentworth,* 248 Mass. 468, 472, and cases cited), we fail to discover any substantial evidence that the defendant was negligent in this respect. We assume that the permission given to the plaintiff included the use of the machine in the "related room." Apparently the absence of a guard on the lower wheel was of no consequence as long as the wheels were properly adjusted so that the saw would run

in the centers of the rims. There was no evidence that the wheels were not properly adjusted when the defendant gave his permission. There was no evidence as to how often they became out of adjustment or from what causes. Evidence that at some undetermined time "earlier in the morning before the accident," but apparently after the plaintiff had begun using the machine, the "edge of the blade was running over the wheel" will not charge the defendant with negligence. So far as appears this may have been due to the manner in which the plaintiff himself operated the saw. It is not shown to have been brought to the attention of the defendant at any time. The plaintiff, although a student, was an experienced operator of the saws, including the one on which he was hurt. There was nothing to indicate that he did not know all that he needed to know about the condition and adjustment of the saw, or that he needed immediate supervision while operating it, even if failure to furnish such supervision could be considered misfeasance.

In view of the limited nature of the defendant's legal obligations there is no foundation for a verdict for the plaintiff. This result is consistent with that reached in other somewhat analogous situations. *Spear* v. *Cummings*, 23 Pick. 224. *Williams* v. *Adams*, 3 Allen, 171. *O'Hare* v. *Jones*, 161 Mass. 391. *Haberger* v. *Carver*, 297 Mass. 435, 441. *Nabell* v. *Atlanta*, 33 Ga. App. 545. *Antin* v. *Union High School District*, 130 Ore. 461. See *Herman* v. *Board of Education*, 234 N. Y. 196.

*Judgment for the defendant on the verdict.*