WALTER E. GRUENINGER *vs.* PRESIDENT AND FELLOWS OF HARVARD COLLEGE.

Suffolk.    October 4, 1961. — December 14, 1961.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Corporation*, Charitable corporation. *Charity. Pleading, Civil*, Declaration, Demurrer. *Negligence*, Charity, Malpractice.

A college, a charitable corporation, would not have the defence of charitable immunity to an action of tort for negligence in medical treatment of the plaintiff furnished by the college for a fee under a "plan" "owned and operated" by it and subscribed to by the plaintiff if such activity was primarily commercial in character. [340]

Allegations in the declaration in an action, although vague and leaving much to be desired, were sufficient, as against a demurrer based on G. L. c. 231, § 7, Second, to state a cause of action in tort for negligence in medical treatment of the plaintiff. [340–341]

TORT. Writ in the Superior Court dated March 14, 1956.

The action was heard by *Voke*, J., on demurrer to an amended declaration. The plaintiff appealed from an order sustaining the demurrer.

*Edward M. Swartz*, for the plaintiff.

*Donald R. Grant*, for the defendant.

SPALDING, J. The relevant averments of the plaintiff's amended declaration are these. Prior to March 18, 1958, the defendant "acting in its . . . [proprietary] and private capacity" agreed for a fee to provide medical care and attention to the plaintiff, if needed, pursuant to an insurance plan to which the plaintiff had subscribed. The defendant owned and operated the insurance plan, which "was not a charitable endeavor," but "was an enterprise entered into by the defendant for profit . . . as a commercial venture." From March 18, 1958, to August 22, 1958, when the agreement was in force, the defendant's employees provided medical care to the plaintiff at its facilities maintained for the use of those subscribing to the

insurance plan. The defendant, for consideration, "procured the services of the defendant, its agents, servants or employees, to examine, treat and cure the plaintiff's illness and/or disease." The defendant "undertook the examination, diagnosis, treatment, care and cure of the plaintiff's illness and/or disease, and thereby owed the plaintiff the duty of reasonable care, skill and attention in that respect." But the defendant's employees, neglecting to exercise reasonable care, failed to "ascertain the true nature and extent of the plaintiff's illness and/or disease and to treat it properly." As a result of such failure the plaintiff sustained severe injuries, "including total and permanent loss of the sight of both eyes."

The defendant demurred, and its demurrer was sustained. The plaintiff appealed. The grounds assigned in the demurrer were as follows: (1) The matters contained in the declaration are insufficient in law to enable the plaintiff to maintain his action. (2) The matters contained in the declaration are insufficient in law inasmuch as it appears from the act of incorporation of the defendant of the Massachusetts Bay Colony on May 31, 1650, and from the Constitution of the Commonwealth that the defendant is a domestic charitable corporation, and the declaration failed to allege facts which would render such a corporation liable.[1]   (3) The declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action as required by G. L. c. 231, § 7, Second.

1. The first and second grounds will be considered together, for the only reason urged for the declaration being insufficient in law is that the defendant was a charitable corporation and hence not liable. Charitable immunity is an affirmative defence (*Barrett* v. *Brooks Hosp. Inc.* 338 Mass. 754, 756) and matters of defence are not open on demurrer. *Boston Nutrition Soc. Inc.* v. *Stare,* 342 Mass. 439, 443. We need not decide whether, where the dec-

---

[1] The demurrer referred specifically to the pertinent portions of the records of the Massachusetts Bay Colony and of the Constitution of the Commonwealth.

laration (unlike that in *Reavey* v. *Guild of St. Agnes,*
284 Mass. 300) contains no allegation that the defendant is
a public charitable corporation, the question of charitable
immunity is before us on a demurrer which refers to the
act of incorporation and to a portion of the Constitution
which mentions the defendant.  Since the result would be
the same, we assume that the question would be open.  "A
charitable corporation is not liable for negligence in the
course of activities within its corporate powers carried on
to accomplish directly its charitable purposes.  This is
true even though such activities incidentally yield revenue.
On the other hand, there is liability for negligence in the
course of activities incidental to the corporate powers but
primarily commercial in character, though carried on to
obtain revenue to be used for the charitable purposes of
the corporation."  *Reavey* v. *Guild of St. Agnes,* 284 Mass.
300, 301–302.  We are of opinion that the allegations in
the declaration, although somewhat general in nature, were
sufficient averment that the defendant's activities which
gave rise to this action were primarily commercial in na-
ture.  If the plaintiff can establish that at the trial, the
defence of charitable immunity would fail.  *McKay* v. *Mor-
gan Memorial Coöp. Indus. & Stores, Inc.* 272 Mass. 121,
124, and cases cited.  The demurrer, therefore, could not
be sustained on the first and second grounds.

2.  The third ground of demurrer is based on G. L. c. 231,
§ 7, Second, which provides that "The declaration shall
state concisely and with substantial certainty the substan-
tive facts necessary to constitute the cause of action."  In
essence the declaration is in tort for malpractice.  *Coburn*
v. *Moore,* 320 Mass. 116, 117–118.  "Great detail in plead-
ing well known torts or infringement of legal rights is not
required."  *Caverno* v. *Fellows,* 286 Mass. 440, 443.  De-
tails which would be necessary in evidence, such as the
nature of the plaintiff's illness, the acts or omissions con-
stituting negligence, the precise time and place of the al-
leged tortious conduct, and the persons who participated in
it, if not included in the declaration, are not fatal.  See

*Flye* v. *Hall*, 224 Mass. 528, 529. The declaration under consideration leaves much to be desired. Indeed, it goes to the verge in vagueness. But it does state in skeleton form a cause of action. Such information as the defendant may lack to prepare its case for trial can be obtained by particulars and discovery. We are of opinion that the order sustaining the demurrer should be reversed.

*So ordered.*