KERMIT J. GORDON *vs.* JAMES J. DOYLE.

Berkshire. February 10, 1967. — March 2, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Way*, Public: traffic sign. *Negligence*, Traffic sign. *Department of Public Works.*

Evidence that a route sign facing automobile traffic near an island at an intersection of ways indicated with an arrow that a certain road straight ahead was the route which the owner of a tractor-trailer intended to take, whereas such route turned off on a narrow road to the right, that the road indicated led to a concrete bridge with which the plaintiff's unit collided, and that the defendant, a traffic section foreman in the Department of Public Works, had supervised erection of the sign nearly three years before the accident, did not warrant a finding of negligence on the part of the defendant where it appeared that he had received the route sign ready-made from the department with a detailed sketch prescribing its location and had placed it as directed and had no authority to change its location or legend.

TORT. Writ in the Superior Court dated November 22, 1963.

The action was tried before *Noonan, J.*

*Arthur H. Gregory* for the plaintiff.

*Samuel W. Gaffer,* Assistant Attorney General, for the defendant.

WILKINS, C.J.   The plaintiff, the owner of a tractor-trailer, brings this action of tort for damage allegedly caused by the negligence of the defendant, a traffic section foreman in the Department of Public Works of the Commonwealth, in supervising the erection of a traffic sign. The plaintiff contends that the sign was misleading in that an arrow on it indicated that the road which he intended to take was straight ahead.   The road he actually took led to a cement concrete bridge with which the tractor-trailer collided.   The sign was erected on June 30, 1960.   The accident was on March 9, 1963.

There were two counts.   Count one described the defendant as "a supervisor in the Department of Public Works," and among other things, alleged that the defendant owed a certain duty to the public in constructing signs; that he, or someone for whom he was responsible, erected a sign with an arrow on it in a negligent manner; and that as a result of the defendant's negligence in regard to the sign and arrow, the plaintiff's tractor-trailer collided with a bridge, and was damaged.   Count two was substantially similar except that it omitted the description of the defendant's position and any reference to the department.   The trial judge directed a verdict for the defendant on each count.   The plaintiff excepted.

The case is presented on an outline bill of exceptions. See Rule 22 of the Rules for the Regulation of Practice before the Full Court, 345 Mass. 795.   Neither party has restricted argument to those portions of testimony designated in the record as necessary to the exceptions.   Accordingly, we have made use of testimony which we have found to be essential to a full and intelligible statement of the facts.

The defendant, called as a witness by the plaintiff, testified that as traffic section foreman he was in charge of the erection of the sign.   He had direct orders from Boston to put the sign up, and where to put it.   He had no discretion. A sketch of the department showing the prescribed location accompanied the sign which he caused to be picked up at Wellesley.   The sign was placed as directed, five feet from the northern end of an island, the location of which was at the

intersection of old Route 9 and Worthington Road, Windsor. It faced traffic coming down off Worthington Road, and was approximately thirty-seven or thirty-eight feet from the northern line of old Route 9. It bore the legend:

**TO RTE**

**9**

**DALTON**

**PITTSFIELD**

**NORTHAMPTON**

To the left of the legend appeared a vertical arrow pointing skyward.

The plaintiff, a witness on his own behalf, testified that the accident occurred about midday. The weather was generally cloudy. The snow had been plowed to a depth of about three feet. He was on Worthington Road going north. He had never been on the road before, but had been warned that there was a long downhill grade which was "treacherous." For this reason he put the vehicle in low gear, and kept applying the foot brake and holding generally within ten to fifteen miles an hour all the way down. At the foot the ground leveled off, and he released the brake. Immediately south of the island was a narrow road the width of a snowplow turning off to the right at an angle of thirty to forty degrees. This is the turn he should have taken. Because of the snow and the location of the sign he did not observe this turn in time. He first observed the danger when he was beyond the sign and less than 100 feet from the bridge. He put on his brakes, but could not stop his vehicle, which slid on the ice into the bridge.

There was no error in the direction of verdicts for the defendant. The Department of Public Works was in sole charge of the erection of the sign. G. L. c. 85, § 2 (as amended through St. 1951, c. 646, § 1).[1] The defendant as

---

[1] "The department of public works, in this chapter called the department, shall erect and maintain on state highways and on ways leading thereto, and on all main highways between cities and towns, such direction signs, warning signs or lights, curb, street or other traffic markings, mechanical traffic signal systems, traffic devices, or parking meters as it may deem necessary for promoting the public safety and convenience and shall likewise install and maintain in accordance with accepted standards of engineering practice, such curb,

a subordinate employee had no alternative in the action he was ordered to take. He had received the sign ready-made from the department with a detailed sketch allowing him no choice to make changes in the location or in the legend on the sign. It could not properly be found that the defendant was negligent in the performance of this ministerial act. No case has been cited to us which is authority for such a result. Cases like *Nowell* v. *Wright,* 3 Allen, 166, and *Moynihan* v. *Todd,* 188 Mass. 301, relied upon by the plaintiff, are not in point. The public employees involved in those cases had control over the manner in which the acts, alleged to be negligent, were performed.

*Exceptions overruled.*

highway, street or other traffic markings as conditions may require or as may be necessary to carry out the provisions of other statutes pertaining to highway markings. . . . No such signs, lights, signal systems, traffic devices, parking meters or markings shall be erected or maintained on any state highway by any authority other than the department except with its written approval as to location, shape, size and color thereof, and except during such time as said approval is in effect.''

