BRUCE R. DESMARAIS & another *vs.* WACHUSETT REGIONAL SCHOOL DISTRICT & another.

Worcester.   November 3, 1971. — December 9, 1971.

Present: TAURO, C.J., CUTTER, REARDON, BRAUCHER, & HENNESSEY, JJ.

*School and School Committee.   Regional School District.   Public Officer.*
*Negligence,* Public school teacher, Public officer.   *Municipal Corpora*
*tions,* Liability for tort, Officers and agents.

G. L. c. 71, § 55C, providing that "each teacher and pupil of any school . . . shall while attending school classes in . . . laboratories in which caustic or explosive chemicals . . . are used . . . exposure to which may be a source of danger to the eyes, wear an industrial quality eye protective  device" places the responsibility of enforcing compliance with the statute on those who might be exposed to possible harm. |592-593|

Failure of a school teacher to require a student to wear an eye protective device in the conduct of a chemical experiment in which an explosion cost the student permanent loss of sight in one eye constituted only negligence through nonfeasance for which the teacher, as a public officer engaged wholly in the performance of a public duty, was not liable to the student. |593|

Under G. L. c. 71, § 16 (b), a regional school district has the same protection from liability as a town under the doctrine of governmental immunity |593-594|; G. L. c. 41, § 100C, as appearing in St. 1964, c. 513, providing that a regional school district should indemnify a teacher for expenses or damages sustained by him by reason of an action or claim against him arising out of his negligence or other act of his resulting in accidental bodily injury to any person did not eliminate such immunity |594|.

A regional school district was not liable to a student for failure of a teacher to require the student to wear an eye protective device in the conduct of a chemical experiment in which an explosion caused permanent loss of sight in one of the student's eyes. |592, 594|

TORT.   Writ in the Superior Court dated January 13, 1970.

The action was heard by *Lappin*, J., on demurrers.

*Gerald F. Madaus* for the plaintiffs.

*T. Philip Leader* for the defendants.

TAURO, C.J.   This is an action of tort brought by Bruce R. Desmarais, a minor, for personal injuries, and by his father Robert R. Desmarais for consequential damages against the defendant Wachusett Regional School District and the defendant David H. Byron, the teacher in the classroom where the minor Desmarais sustained his injuries.   The plaintiffs are here on their appeals from orders sustaining the defendants' demurrers to the plaintiffs' amended declaration.

In essence the amended declaration alleged: (1) that contrary to the provisions of G. L. c. 71, § 55C, the defendant Byron "engaged in a continuing course of misfeasant conduct in that he led his pupils to believe that he would not discipline or punish them in any way if they failed to wear safety glasses during the conduct of dangerous experiments" and (2) that the defendant Byron "negligently and carelessly failed to use due care in his supervision of the [minor] plaintiff . . . in that he . . . allowed the [minor] plaintiff to conduct an experiment at his direction which involved the use of volatile and explosive chemicals without wearing safety glasses."   The defendant school district was alleged to be responsible for the actions of Byron whom :t employed.   It is further alleged that as a result the plaintiff Bruce R. Desmarais was not wearing safety glasses when an explosion occurred causing the permanent loss of sight in one eye.

The defendants' demurrers are based on the following grounds: (1) the plaintiffs fail to state a cause of action; (2) the defendant Byron, a schoolteacher, was a public officer with limited duties and powers and was not liable for the failure to perform the duties of his office; (3) the defendant school district was protected from liability under the doctrine of governmental immunity.

The plaintiffs argue that Byron is not entitled to the

status of a public officer, and that, even if this contention is rejected, his conduct constituted misfeasance which made him liable to the plaintiffs. The plaintiffs further argue that governmental immunity is not a defence by reason of G. L. c. 41, § 100C, as appearing in St. 1964, c. 513, which provided for the indemnification of teachers.

The pertinent part of G. L. c. 71, § 55C, as appearing in St. 1966, c. 21, is as follows: "Each teacher and pupil of any school . . . shall, while attending school classes in . . . laboratories in which caustic or explosive chemicals . . . are used . . . exposure to which may be a source of danger to the eyes, wear an industrial quality eye protective device." Prior to its amendment, the statute provided as follows: "The school committee of each city or town shall require each pupil and teacher in a public school to wear . . . eye protection devices . . . ." The amendment thus removed from the school committee the responsibility of enforcing compliance with the statute and did not place a similar responsibility on anyone else except those who might be exposed to possible harm.

The general rule is that "public officers engaged wholly in the performance of public duties are liable only for their own acts of misfeasance in connection with ministerial matters." *Fulgoni* v. *Johnston*, 302 Mass. 421, 423. *Moynihan* v. *Todd*, 188 Mass. 301, 303. The defendant Byron as a teacher in a public school is governed by the same standard of tort liability as a public officer. *Fulgoni* v. *Johnston, supra*, at 423. Even assuming that Byron was bound to require the wearing of safety glasses, he cannot be held guilty of misfeasance for mere inaction. "[N]egligence which amounts to nothing more than an omission or non-feasance creates no liability. . . . [N]onfeasance is the omission of an act which a person ought to do, misfeasance is the improper doing of an act which a person might lawfully do." *Trum* v. *Paxton*, 329 Mass. 434, 438.

The defendant Wachusett Regional School District has the same protection from liability as a town under the doc-

trine of governmental immunity since a regional school district by statute has been placed in the same position as a town for the purpose of lawsuits. G. L. c. 71, § 16 (b). It is settled law in this Commonwealth that a municipality is not liable for the acts of public officers acting in the discharge of public duties imposed upon them. *Molinari* v. *Boston*, 333 Mass. 394, 395. A municipality is not liable for negligent or tortious acts in the conduct of its schools. *Hill* v. *Boston*, 122 Mass. 344, 345. *Bolster* v. *Lawrence*, 225 Mass. 387, 389. Moreover, a municipality is not liable for the misfeasance of the public officers "performing duties strictly public" since "the doctrine *respondeat superior* does not apply to the servants of one who is acting only as a representative of the government, for the benefit of the public." *Moynihan* v. *Todd, supra,* at 304. We reject the plaintiffs' contention that by enacting G. L. c. 41, § 100C, and G. L. c. 40, § 5 (1), the Legislature "waived" governmental immunity.[1] See *Kosiba* v. *Syracuse*, 260 App. Div. (N. Y.) 557, reh. den. 261 App. Div. (N. Y.) 884, modified on other grounds 287 N. Y. 283.

There was no error in the orders of the Superior Court judge sustaining the defendants' demurrers.

*Orders sustaining demurrers affirmed.*

---

[1] In effect, G. L. c. 41, § 100C, as appearing in St. 1964, c. 513, provided that a city, town or regional school district should indemnify a teacher for expenses or damages sustained by him by reason of an action or claim against him arising out of his negligence or other act of his resulting in accidental bodily injury to any person. General Laws c. 40, § 5 (1), provides that a town may appropriate money for insurance which provides indemnity or protection as prescribed by G. L. c. 41, § 100C.