FRANK OESCHGER *vs.* JAMES FITZGERALD & others.

Suffolk. December 12, 1973. — July 29, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Pleading, Civil,* Declaration, Demurrer. *Municipal Corporations,* Liability for tort, Officers and agents. *Negligence,* Public officer. *Public Officer.*

Neither a municipality, nor its school committee, nor the individual members of the school committee, are liable for negligent acts of employees engaged in public instruction. [474]

In an action of tort the demurrer of an agency described in the declaration as the "Manpower Development and Training Act Program" was properly sustained, because, if this entity was an agency of a municipality or of the Commonwealth, it was protected by the doctrine of governmental immunity and if it was an agency of the United States and the cause of action was one as to which Congress had waived sovereign immunity, Federal courts would have exclusive jurisdiction. [474-475]

In an action of tort against an instructor in a public training program a count in the declaration was sufficient to state a cause of action, where, in addition to statements alleging mere nonfeasance, it contained allegations that the instructor "provided dangerous and defective machinery" and that he "directed the plaintiff to use the dangerous equipment and machinery knowing of its dangerous condition" [475-476]; and although a second count was demurrable for vagueness, where the defendant demurred to the whole declaration, rather than to its counts distributively, it was error to sustain the demurrer [477].

TORT.   Writ in the Superior Court dated October 8, 1971.

The action was heard by *Paquet*, J., on demurrers.

*Vincent A. Murray, Jr.*, for the plaintiff.

*Thomas H. Martin*, Assistant Corporation Counsel, for the defendants.

ARMSTRONG, J.   The plaintiff filed a declaration in tort for personal injuries, naming as defendants the city of Boston, the school committee of the city of Boston (committee), the "Manpower Development and Training Act Program" (which is described as "an agency undertaking to provide training to . . . [the plaintiff] under the Manpower Development and Training Act"), and one Fitzgerald, described as the employee, agent or servant of one or more of the three other defendants.   There are two counts against each named defendant.   The first alleges that the particular defendant provided dangerous and defective machinery for the use of the plaintiff in a training program and, knowing of its dangerous condition, directed him to use it, thus causing injury to his hand and body.   The second alleges that the particular defendant was "negligent in the operation of its [or his] training site . . . [and] that as a result of the negligence of said defendant" the plaintiff suffered serious injury to his hand and body.   The first three defendants named filed a joint demurrer to the declaration[1]; the defendant Fitzgerald filed a separate demurrer to the declaration. Both demurrers were sustained by a judge of the Superior Court on March 2, 1972.   The case is before us on a late appeal, allowed by a single justice of the Supreme Judi-

---

[1] The demurrer states that it is filed on behalf of the city of Boston, five named members of the school committee of the city of Boston, and one Raymond Tomasini, who is described by the declaration as the director of the "Manpower Development and Training Act Program."   The parties raise no question whether the demurrer is proper in form, and we treat it as being properly filed on behalf of the school committee and the "agency" called "Manpower Development and Training Act Program."

cial Court, from "the ruling of the Superior Court of Suffolk County on March 2, 1972," which we assume refers to both orders sustaining the demurrers.

The demurrer of the city of Boston was properly sustained. The city is not liable for the negligent acts of its officers under the doctrine of respondeat superior. *Moynihan* v. *Todd*, 188 Mass. 301, 304-305 (1905). *Trum* v. *Paxton*, 329 Mass. 434, 438 (1952). See *Morash & Sons, Inc.* v. *Commonwealth*, 363 Mass. 612, 619-624 (1973). Employees of the city engaged in training functions are considered public officers for purposes of the latter rule. *Fulgoni* v. *Johnston*, 302 Mass. 421, 423 (1939). *Desmarais* v. *Wachusett Regional Sch. Dist.* 360 Mass. 591, 593 (1971), *Desmarais* v. *Wachusett Regional Sch. Dist.* 1 Mass. App. Ct. 813 (1973), cert. den. 414 U. S. 859 (1973).

It follows that the demurrer of the committee was also properly sustained. The immunity of the city implies immunity of its school department. See, e.g. *Morash & Sons, Inc.* v. *Commonwealth, supra,* at 620. Nor are the members of the committee personally liable for the negligent acts of the school department's employees. *Trum* v. *Paxton, supra,* at 438. "'[T]he doctrine respondeat superior does not apply to the servants of one who is acting only as a representative of the government, for the benefit of the public.' *Moynihan* v. *Todd, supra,* at 304." *Desmarais* v. *Wachusett Regional Sch. Dist.* 360 Mass. 591, 594 (1971).

We have not been directed to nor have we found any statute which establishes an agency by the name of "Manpower Development and Training Act Program." See 42 U. S. C. §§ 2571 et seq., as in effect prior to Pub. L. 93-203, Title VI, § 614 (1973), 87 Stat. 883. If it is an agency of the city or the Commonwealth, it would be protected, for the reasons already stated, by the doctrine of governmental immunity. See *Morash & Sons, Inc.* v. *Commonwealth, supra,* at 619-624. Were we to assume that it is an agency of the United States, and that the

cause of action is one as to which the Congress has waived sovereign immunity, nevertheless jurisdiction over the cause of action would be in the Federal courts exclusively. 28 U. S. C. §§ 1346(b) and 2679 (1970).

In considering the first count against the defendant Fitzgerald, we apply the settled rule that a public officer engaged wholly in the performance of public duties is personally liable only for his own acts of misfeasance in connection with ministerial matters. *Moynihan* v. *Todd*, 188 Mass. 301, 303, 305 (1905). *Fulgoni* v. *Johnston*, 302 Mass. 421, 423 (1939). *Trum* v. *Paxton*, 329 Mass. 434, 438 (1952). *Desmarais* v. *Wachusett Regional Sch. Dist.* 360 Mass. 591, 593 (1971). *Morash & Sons, Inc.* v. *Commonwealth*, 363 Mass. 612, 624 n. 7 (1973). "However, he may be liable for a tort of active misfeasance personally committed by him while acting in the discharge of his ministerial duties as such officer . . .. To create liability the tortious act must be done by the public officer personally or by someone under his personal direction." *Trum* v. *Paxton, supra.* "[T]he principle which underlies the rule that public officers . . . are not liable for negligence in the performance of public duties goes no further than to relieve them from liability for nonfeasance, and for the misfeasances of their servants and agents. For a personal act of misfeasance, we are of opinion that a party should be held liable to one injured by it, as well when in the performance of a public duty as when otherwise engaged." *Moynihan* v. *Todd, supra,* at 305.

The first count against Fitzgerald alleges in part that Fitzgerald "failed to provide safe equipment for the use of the plaintiff, . . . provided dangerous and defective machinery which presented a dangerous condition to the plaintiff . . . , and failed to adequately warn the plaintiff . . .." The failure to provide safe equipment and the failure to warn are clearly "omission[s] of . . . act[s] which a person ought to do." *Trum* v. *Paxton, supra.* "[N]egligence which amounts to nothing more than an

omission or nonfeasance creates no liability." *Trum* v. *Paxton, supra.* The same is true of the allegation that Fitzgerald's negligence was that he "provided dangerous and defective machinery." It is not enough that the allegation is cast in positive terms. See *Desmarais* v. *Wachusett Regional Sch. Dist.* 1 Mass. App. Ct. 813 (1973), where the declaration in effect alleged that a teacher directed students to do a dangerous experiment knowing that it was the practice of his students not to wear the safety goggles which ordinary care called for. Regardless whether the allegation is cast in terms of an act or of an omission, in applying the rule we must look to the essential nature of the negligence alleged. The allegation that Fitzgerald "provided dangerous and defective machinery" is consistent with being either misfeasance (e.g., providing the machinery knowing it was defective) or nonfeasance (e.g., providing the machinery without inspecting it to determine whether it was defective). We must treat it as the latter, for "[n]o intendment in favor of a pleading can be made when its sufficiency is challenged by a demurrer." *Gabriel* v. *Borowy,* 324 Mass. 231, 235 (1949).

But the first count against Fitzgerald also alleges that he "directed the plaintiff to use the dangerous equipment and machinery knowing of its dangerous condition." This is not an allegation of mere nonfeasance. It is enough to put the count beyond the protection of the limited immunity applicable to public officers. It does not omit allegations of substantive facts necessary to constitute a cause of action, nor is it so lacking in conciseness and substantial certainty as to violate the requirement of G. L. c. 231, § 7. *Grueninger* v. *President & Fellows of Harvard College,* 343 Mass. 338, 340-341 (1961). To the extent that more detail is needed, specifications or particulars may be sought. *Powers* v. *Bergman,* 197 Mass. 39, 41 (1907). *Enga* v. *Sparks,* 315 Mass. 120, 124, 125 (1943).

The second count against Fitzgerald, which alleges that he "was negligent in his operation of the training site . . . that as a result of the negligence of said defendant, the plaintiff suffered serious injury" is demurrable for vagueness (contrast the declaration in *Grueninger* v. *President & Fellows of Harvard College, supra*) in that it does not indicate what Fitzgerald was doing or failing to do and how that injured the plaintiff (see James, Civil Procedure, 70-71 [1965]), and in that it fails to disclose whether the negligence was misfeasance or nonfeasance. However, as Fitzgerald's demurrer is to the whole declaration, rather than to the counts thereof distributively, and as the first count is good, the demurrer should have been overruled. *Sears* v. *Trowbridge*, 15 Gray 184, 185 (1860).

The order sustaining the joint demurrer is affirmed. The order sustaining the demurrer of the defendant Fitzgerald is reversed.

*So ordered.*