**Anthony v. GIANNINO and
Henrietta G. GIANNINO
VS.
THE TOWN OF LYNNFIELD**

No. 8590

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**August 4, 1981**

**Robert L. Halloway, Jr.,** counsel for plaintiff

**John E. Hartman,** counsel for defendant

## OPINION

**COWDREY, P.J.** This is an action in tort to recover for damage to the plaintiffs' real property which resulted from activities of the defendant's school department. The trial court entered summary judgment for the defendant on the basis of the defendant's municipal immunity in tort.

The report, and all pleadings and documents annexed thereto, may be summarized as follows: In March of 1973, members of the School Department of the defendant municipality entered onto the plaintiff's land in Lynnfield, Massachusetts and constructed a physical education field rope course as part of "Project Adventure" (hereinafter the Project). Said project is an outgrowth of the Outward Bound Program and is designed to promote a student's self-confidence, environmental appreciation and respect for group cooperation through the completion of various physical education tests and field experiences. The Project was established as an element of the Lynnfield High School Physical Education Department curriculum.

The installation of the rope course in question necessitated the cutting and removal of, and the attachment of equipment to, a number of trees on the plaintiff's property. It was established that school department officials believed at all times relevant to this action that the land and trees in issue were owned by the defendant Town. The construction of the rope course was authorized by the Superintendent of Lynnfield Public Schools; and the course was utilized by Lynnfield High School students from September, 1974 to November, 1975.

The instant suit was commenced by complaint dated April 24, 1978. The defendant filed a motion on October 11, 1978 pursuant to Dist./Mun. Cts. R. Civ. P. 56 for summary judgment, on the grounds that the plaintiff's action was barred by the doctrine of sovereign immunity. On November 7, 1978, the trial court entered summary judgment for the defendant.

The plaintiffs' have prosecuted this appeal on a charge of error in the trial court's allowance of the defendant's Rule 56 motion. The plaintiffs also claim to be

aggrieved by the court's denial of the plaintiffs' post-judgment motions to amend the complaint to add additional parties defendant, and to amend conclusions of law and judgment.

1. There was no error in the trial court's entry of summary judgment for the defendant Town pursuant to Dist./Mun. Cts. R. Civ. P. 56.

The trial court properly ruled, and both parties herein agree, that this action is governed by common law principles operative prior to the Legislature's enactment of G.L. c. 258.[1] Central to these principles is the general rule that:

> "A Municipality, in the absence of special statute imposing liability, is not liable for the tortious acts of its officers and servants in connection with the gratuitous performance of strictly public functions, imposed by mandate of the Legislature or undertaken voluntarily by its permission, from which is derived no special corporate advantage, no pecuniary profit, and no enforced contribution from individuals particularly benefited by way of compensation for use or assessment for betterments."

New England Trust Co. v. Boston, 300 Mass. 321, 326 (1938); Orlando v. Brockton, 295 Mass. 205, 207-208 (1936). In implementing "Project Adventure" as part of its high school physical education curriculum, the defendant Town of Lynnfield could thus not be charged with an actionable tort, for a "Municipality is not liable for negligent or tortious acts in the conduct of its schools." Desmarais v. Wachusetts Reg. School Dist., 360 Mass. 591, 594 (1971); Retano v. Haverhill, 309 Mass. 118, 122 (1941).

No genuine, material question of fact has been raised by the plaintiffs herein which would render improper the lower court's summary disposition of the parties' controversy. The plaintiffs' characterization of the conduct of school officials and teachers herein as "positive wrongdoing" rather than "passive misconduct" does not create an issue relevant to the defendant town's liability. It is well established that a municipality is not liable under common law for either the nonfeasance or the misfeasance of its public officers. Desmarais v. Wachusetts Reg. School Dist., supra at 594, and cases cited. The Whitney v. City of Worcester, 373 Mass. 208, 220-221 (1977) discretionary/ministerial standard for governmental liability neither altered this common law rule nor required a trial on the merits herein. The Whitney decision was advisory in tone and, as its ruling was not applied to the litigants therein at bar, prospective in operation. The subsequent enactment of G.L. c. 258 by the Legislature and the designation of the statute's effective date to coincide with the date of the Whitney decision, "gave continued life to the traditional principles regarding the immunity of a public officer . . ." Alfonso v. Lowney, 1981 Mass. App. Ct. Adv. Sh. 305, 306. Thus the misfeasance-nonfeasance standard remains operative as does the above general rule regarding municipal immunity in all actions arising prior to August 16, 1977.

Similarly, no genuine issue of fact exists with respect to the "public officer" status of the school department members who instituted the Project rope course. The defendant's answer #6 to plaintiff's interrogatories indicated that it was "members of the school department who walked the land, selected a site which they thought was Town property, cut some trees and installed a rope course." Thus the damages suffered by the plaintiffs were the proximate result of school department conduct and activity. Teachers and other school personnel are

---

[1] Said statute, pursuant to St. 1978, c.512, §.16, is applicable only to causes of action arising on or after August 16, 1977. Bryant v. Boston, 1981 Mass. App. Ct. Adv. Sh. 445, 447-448; nd cases cited.

generally deemed to be "public officers" rather than mere governmental agents or servants. See, **Fulgoni v. Johnston,** 302 Mass. 421, 423 (1936). Thus whether the two "Project Adventure Consultants" acted as mere agents or servants of the defendant Town is not dispositive here. Finally, the report and attached documents do not indicate or reveal, and the plaintiffs apparently did not submit any evidence of, any direct participation by the defendant municipality in the form of supervision or direction of the activities of its school department members in the Project so as to raise a factual issue as to the application of the **Ryder v. Taunton,** 306 Mass. 154, 159 (1940) rule herein.

The plaintiff's endeavors to delineate *exceptions* to the general rule of municipal immunity are unpersuasive. As the trial court correctly determined, no recovery for nuisance could be sustained on the facts of this case. A municipality may indeed be held liable for the creation or maintenance of a private nuisance causing direct injury to the property of another, **Towner v. Melrose,** 305 Mass. 165, 168 (1940); **Morash & Sons, Inc. v. Commonwealth,** 363 Mass. 612, 616 (1973); 1978 **Bousquet v. Commonwealth,** Mass. App. Ct. Adv. Sh. 263; but only when such nuisance exists on premises owned or otherwise controlled by the municipality. See, **Jones v. Great Barrington,** 273 Mass. 483, 487 (1930); **Kurtigian v. Worcester,** 348 Mass. 284, 285 (1965); **Abruzzese v. Arlington,** 1979 Mass. App. Ct. Adv. Sh. 398. The rope course herein was exclusively located on property owned and controlled by the plaintiffs. The case of **Miles v. Worcester,** 154 Mass. 511 (1891) cited by the plaintiffs is thus factually distinguishable as the retaining wall at issue therein was located on both the school premises and the plaintiff's adjoining realty. **Miles** may be classified with those Massachusetts decisions in which a private nuisance has been found to have been created by the "continuing trespass" of a structure erected or standing upon the defendant's property but encroaching upon the land of the plaintiff. See, **e.g., Geragosian v. Union Realty Co.,** 289 Mass. 104, 108 (1935); **United Electric Light Co. v. The Deliso Construc. Co.,** 315 Mass. 313, 321 (1943). Similarly, it may be inferred that the "repeated" trespasses by students upon the property of the plaintiff in **Ness v. Independent School Dist. of Sioux City,** 230 Iowa 771 (1941) were deemed to constitute a nuisance because such trespasses was the proximate result of the physical education activities undertaken on the defendant's own school grounds. In any event, the practical significance of the Iowa court's ruling in **Ness** to our analysis of the case **sub judice** is at best questionable in view of **Hennessy v. Boston,** 262 Mass. 559 (1929). The Supreme Judicial Court held therein that a municipality was not liable in either trespass or nuisance in an action at law for the failure of its public officers to maintain or control the use of a playground so as to prevent personal and property damage to a nearby landowner. **Ibid.** at 562.

The plaintiffs cannot escape the preclusive effect of the immunity doctrine herein by characterizing the Project rope course as an actionable trespass. The plaintiffs have failed to advance a single conclusive authority to support their assertion as to the existence of a "trespass" exception to municipal immunity. The imposition of liability on the defendant-city in **Perley v. Cambridge,** 220 Mass. 507 (1915), **e.g.,** resulted from the commercial nature of the water project undertaken by the city rather than from the city's commission of a trespass as opposed to another tort. The "commercial" exception to municipal immunity operative in **Perley** renders a governmental entity responsible for torts committed by its officers or agents in the conduct of enterprises which are voluntarily undertaken for profit or to benefit the city or town's corporate or

pecuniary interests. See generally, **Baumgardner v. Boston,** 304 Mass. 100, 107 (1939); **Chaffee v. Oxford,** 308 Mass. 520, 525 (1941). See also **Sloper v. Quincy,** 301 Mass. 20, 24 (1938) (water supply system); **Green v. West Springfield,** 323 Mass. 335 (1948) (construction, maintenance and repair of sewers).

Similarly, the potential for recovery against the municipal defendants in **Lawrence v. Board of Selectmen of Egremont,** 350 Mass. 354 (1966) and **Hawks v. Charlemont,** 107 Mass. 414 (1871), can be attributed to the status of the individual tortfeasors vis-a-vis the municipality rather than from the nature of the torts committed. Said individuals were not public officers for whose tortious performance of a strictly public function a city or town could not be charged under the immunity doctrine, but were instead merely agents or servants employed on an ad hoc basis by the towns for the completion of a specific and finite projects.

2. There was also no error in the lower court's denial of the plaintiff's Dist./Mun. Cts. R. Civ. P. 52 motion to amend. Said motion was addressed to the discretion of the trial justice. No abuse of such discretion attended the refusal by the court to alter or amend the summary judgment entered for the defendant herein in view of the conclusive operation of the doctrine of municipal immunity in tort.

3. The plaintiffs' motion to amend their complaint so as to introduce additional parties defendant was denied by the trial justice on the basis that no recovery could be had against the school department members and ''project Adventure Consultants'' for their conduct as public officers in instituting the field rope course in question.

The individual liability of a public officer as opposed to a governmental entity hinges on whether the tortious conduct in question constituted or entailed acts of misfeasance in connection with ministerial matters rather than nonfeasance. **Alfonso v. Lowney, supra** at 306; **Desmarais v. Wachusetts Reg. School Dist., supra** at 593. The latter is customarily defined as the omission of an act which a person ought to do whereas misfeasance is the improper doing of an act which a person might lawfully do. **Trum v. Paxton,** 329 Mass. 434, 438 (1952). The plaintiffs' injuries in the cause at bar resulted from the unlawful entry of a number of the proposed defendants upon, and their destruction and removal of trees from, the plaintiffs' real estate. Such conduct could conceivably be classified as an improper ministerial implementation of a previous policy decision and thus as misfeasance. The record before us and before the lower court did not permit a conclusive determination as to the identity of those proposed defendants who engaged in such potential misfeasance, and those proposed defendants whose participation in the Project was confined to the planning stages and who would thus enjoy immunity under the **Gildea v. Ellershaw,** 303 Mass. 800, 820 (1973) rule.

The policy of the courts of this Commonwealth with respect to the amendment of pleadings is quite liberal, and a request for such an amendment should thus be allowed unless there is a conclusive and valid reason to the contrary. **Wadswoerth v. Boston Gas Co.,** 352 Mass. 86, 89 (1967); **Castellucci v. U.S. Fidelity & Guar. Co.,** 327 Mass. 288, 289 (1971). We find that in view of the possible liability of some or all of the proposed defendants for the injuries suffered by the plaintiffs herein, the plaintiffs' motion to amend their complaint should have been allowed.

4. There being no error in the lower court's entry of summary judgment for the defendant Town of Lynnfield and its denial of the plaintiffs' motion to amend conclusions of law and judgment, the report is hereby dismissed as to these

orders.

The trial court's denial of the plaintiffs' motion to amend their complaint to add additional parties defendant is vacated, and this case is remanded for further proceedings in the trial court.

So ordered.

**Elliott T. Cowdrey, P. J.**

**John P. Forte, J.**

**Richard L. Banks, J.**

This certifies that this is the opinion of the Appellate Division in this cause.

**Charles R. Jannino**

Clerk, Appellate Division