LAURA FEENEY & others *vs.* CITY OF BOSTON & others. March 29, 1982. This is an action for personal injuries, consequential damages, and loss of consortium, alleged to have been caused by the explosion of a bomb on the second floor of the Suffolk County Courthouse on April 22, 1976. Besides the city, the defendants are the individuals who, at that time, were the members of the Suffolk County Courthouse Commission and the superintendent of the building. The bombing of the courthouse preceded the effective date of St. 1978, c. 512, §§ 15 & 16, which eliminated the general rule of municipal immunity. See *Vaughan* v. *Commonwealth*, 377 Mass. 914 (1979). 1. The counts against the city were properly dismissed on motion under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), not only for the reason given by the judge (namely, that the operation of the courthouse is governmental rather than proprietary in nature), but also, in the opinion of a majority of the panel, for the reason that, under the provisions of St. 1939, c. 383, § 1, which established the courthouse commission, the city does not have control of the maintenance or operation of the courthouse. See *Reitano* v. *Haverhill*, 309 Mass. 118 (1941); *Molinari* v. *Boston*, 333 Mass. 394, 395-396 (1955); *Whitney* v. *Worcester*, 373 Mass. 208, 213-214 (1977). 2. Because the 1978 legislation established a definitive policy with respect to the personal tort liability of public officers and employees (see G. L. c. 258, § 2, inserted by St. 1978, c. 512, § 15), we infer, by analogy to the *Vaughan* case, that the liability of the individual defendants is to be governed by the law in effect before *Morash & Sons* v. *Commonwealth*, 363 Mass. 612 (1973), and the *Whitney* case. Consequently, the individual defendants, as public officers, may well be "liable only for their own acts of misfeasance in connection with ministerial matters." *Whitney* v. *Worcester*, 373 Mass. at 220, quoting from *Fulgoni* v. *Johnston*, 302 Mass. 421, 423 (1939). It may be unlikely that the plaintiffs will be able to prove a set of facts entitling them to recovery under such a test. The allegations of the complaint constitute

a distinctly strained attempt to phrase omissions in the language of misfeasance. Compare *Desmarais* v. *Wachusett Regional Sch. Dist.*, 360 Mass. 591, 592-593 (1971); *Oeschger* v. *Fitzgerald*, 2 Mass. App. Ct. 472, 475-476 (1974). The standard at the pleading stage, however, is not whether the complaint states facts which, if proved, would require a finding for the plaintiffs, see *Howard* v. *G. H. Dunn Ins. Agency, Inc.*, 4 Mass. App. Ct. 868, 869 (1976), but rather whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). The unreasonably general and vague language used in this complaint to characterize the alleged negligence of the individual defendants is so broad as to permit a wide variety of attempts at supporting proof. Under the present rules we must treat as error the dismissal of the counts against the individual defendants at the pleading stage. While those "[r]ules are not designed to encourage a plaintiff to put in a grievously murky complaint," *Charbonnier* v. *Amico*, 367 Mass. 146, 153 (1975), they do tend to encourage disposition of claims on the merits rather than on the pleadings and hence focus on motions for summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), as the primary vehicle for the pretrial disposition of meritless claims. The defendants may also avail themselves of the provision of Mass.R.Civ.P. 12(e), 365 Mass. 756 (1974), relative to motions for a more definite statement. 3. The order allowing the motion to dismiss is affirmed as to the defendant city and is reversed as to the individual defendants.

*So ordered.*

*Philip J. Crowe, Jr.*, for the plaintiffs.

*Jacqueline A. Lillard*, Assistant Corporation Counsel, for the defendants.