Larkin, J.
This is an action for breach of warranty and negligence in which the appellant (plaintiff-below) seeks to recover claimed damages allegedly suffered as a result of the sale and negligent installation by the appellee (defendant-below) Bay State Gas Company (hereinafter “Bay State”) of a defective boiler. Bay State responded to the complaint by filing a motion to dismiss under Rule 12 (b) (6), M.R.C. P., asserting that the claims for negligence and breach of warranty were barred by the applicable statute of limitation and that the breach of warranty claim was also barred because of an asserted lack of privity under G.L.c. 106, § 2-318.
The trial judge held a hearing on Bay State’s Motion and, thereafter, ordered that the motion be granted, dismissing plaintiff’s action against Bay State. It is this action of the trial judge in dismissing plaintiffs (appellant-here) action against Bay State which is the subject of this appeal.
The facts which ground this appeal are as follows:
On December 27,1979, the appellant purchased an apartment building located at 19-25 Maple Street and 6-8-10 Temple Street, Springfield, Massachusetts from Anna Van Allen and Shawmut First Bank and Trust Company acting as trustee u/w Harvey Van Allen.[2] Some twenty years earlier, in 1958 or thereabouts, the record shows that appellee Bay State had supplied and installed a boiler in the *258 apartment building subsequently purchased by the appellant in 1979.
Thereafter, according to the complaint, the boiler which Bay State had installed in 1958, was found to be faulty, defective and inadequate to service the said apartment building, despite the fact that the boiler had been in use for only one-half of its expected 40-year normal useful life. It was further asserted by appellant that the boiler supplied and installed by Bay State in 1958 was, at the time of installation, inadequate to service the building in which it was installed, and as a result the boiler failed to last its expected normal useful life.
The boilerwas removed and replaced by the appellant in September of 1981 at an approximate cost of $8,100, and thereafter appellant commenced this suit.
The first issue which we address is whether the actions brought by the appellant against Bay State were barred by the applicable statute of limitations.
The complaint filed in the District Court alleged that the plaintiffs damages were suffered in 1979, and that the plaintiff, as a subsequent purchaser of the boiler, was a person whom Bay State might reasonably have expected to use or be affected by said boiler or furnace. On the issue of limitations, Bay State argued at the District Court hearing and in its supporting brief, that the applicable statute of limitations was contained in G.L.c. 260, § 2A, as it existed in 1958, the date of the sale. That section then provided:
Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin shall be commenced only within two years next after the cause of action accrues.
The defendant further argued that the plaintiff’s cause of action for negligence accrued at the date of the negligent act in 1958, and thus the two year period of limitations contained in G.L.c. 260, § 2A, had lapsed prior to the institution of suit.
With respect to the plaintiff s breach of warranty claim, the defendant argued that the controlling statute of limitations was contained in G.L.c. 106, § 2-725, which sets a limitations period of “four years after the cause of action has occurred” and that a “cause of action accrues when the breach occurs regardless ofthe aggrieved party’s lack of knowledge of the breach.” Bay State argued that since the alleged breach occurred in 1958, the limitations period had lapsed on plaintiff s claim for breach of warranty. The trial court was persuaded by this reasoning. We disagree.
As noted above, the actions commenced by appellant against Bay State were for negligence and breach of warranty in connection with a boiler supplied and installed by Bay State. The actions therefore are governed by G.L.c. 106, § 2-318, as amended, which provides:
Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller, lessor or supplier of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant if the plaintiff was a person whom the manufacturer, seller, lessor or supplier might reasonably have expected to use, consume or be affected by the goods. The manufacturer, seller, lessor or supplier may not exclude or limit the operation of this section. Failure to give notice shall not bar recovery under this section unless the defendant proves that he was prejudiced thereby. All actions under this section shall be commenced within three years next after the date the injury and damage occurs.
A review of the relevant statutory history in this area shows that the defense of lack of privity was first eliminated by the legislature by Section 1 of Chapter 670 *259 of the Acts of 1971, amending G.L.c. 106, § 2-318. As the section was promulgated in 1971, it contained no statute of limitation provisions. Furthermore, section 2 of Chapter 670 specifically provided:
Section 2-318 of chapter 106 of the General Laws, as amended by section one of this act shall apply to sales made on or after the effective date of this act.
Therefore, it seems clear that under Section 2-318, as it appeared in 1971, the section would not have been applicable to an action based on a transaction occurring in 1958, well before the effective date of the 1971 amendment to section 2-318. See Marcil v. John Deere Industrial Equipment Co., Mass. App. Ct. Adv. Sh. (1980) 841, 844-845, holding that a plaintiff did not benefit from the enactment of St. 1971, c. 670, § 1, which amended section 2-318 where the product was purchased before the effective date of the amendment, citing section 2 of chapter 670, Acts of 1971.
However, the legislature again amended section 2-318 in 1973 by chapter 750 of the Acts of 1973, completely rewriting the statute to read as it is quoted above, except for the last sentence which in the 1973 amendment required that actions be commenced within two years next after the date of the injury.[3] In addition to rewriting section 2-318, the legislature also provided in section 2 of St. 1973, c. 750 the following:
Section 2-318 of chapter one hundred and six of the General Laws, as amended by section one of this act, shall apply to leases which are made and to injuries which occur after the effective date of this act, (emphasis added)
It seems clear, therefore, that the old limitation on the 1971 version of section 2-318 found in St. 1971, c. 670, § 2, was no longer applicable because the 1971 version had been completely stricken out by the legislature. Additionally, section 2 of St. 1973, c. 750, specifically provides that the 1973 version of section 2-318 applies to injuries occurring after the effective date of the amendment (90 days from September 7,1973). It is clear, therefore, that in determining whether the 1973 version of Section 2-318 applies, it is the date of the injury and damage that is crucial and the date of the sale is no longer relevant.
Because the complaint alleges that all of appellant’s damages were suffered subsequent to December of 1979, more than six years after the 1973 version of Section 2-318 became effective, appellant’s actions in negligence and breach of warranty against Bay State are clearly governed by Section 2-318, as amended.
Moreover, in our view, appellant’s argument is supported by the Supreme Judicial Court’s decision in Hoffman v. Howmedica, Inc., 313 Mass. 32 (1977). Involved there was a sale by the defendant to the plaintiff of an allegedly defective hip prosthesis on September 9, 1971. The plaintiff there first became aware of the defect and the damage suffered in May of 1974. The defendant appealed from a judgment for the plaintiff claiming that there was no privity of contract, and that since the sale of the prosthesis had occurred prior to the elimination in 1971 of lack of privity as a defense, the plaintiff could not benefit from any of the amendments to section 2-318.
The court first analyzed the 1971 amendment to section 2-318 contained in St. 1971, c. 670 and the accompanying limitation of that amendment to sales made on or after November 16, 1971, the effective date of the act. Because the sale of *260 the prosthesis preceded the effective date of the 1971 amendment to section 2-318, the 1971 version of section 2-318 did not apply to the case. (See 373 Mass. at 35).
Although the 1971 version of section 2-318 was held to be inapplicable in Hoffman, the 1973 version was held to apply, because the plaintiffs injury and damages occurred after the effective date of the 1973 amendments. Regarding the latter amendment to section 2-318, the Hoffman court stated at page 35:
However in 1973, the Legislature again amended section 2-318 by striking out the section most recently amended by St. 1971, c. 670, section 1, and inserting in its place the version set forth in St. 1973, c. 750, secs. 1, 2. Of relevance to this case is the fact that the new version of section 2-318 contained a two year statute of limitations for actions brought under the section as well as a section which stated in relevant part: “Section 2-318..., as amended by section one of this act, shall apply., .to injuries which occur after the effective date of this act”. (emphasis supplied)[4]
Therefore, in our view, appellant’s actions against Bay State fall squarely under the rule of Hoffman since in both cases the 1971 version of Section 2-318 applies because, again in both cases, the injury and damage occurred after the effective date of the 1973 amendment.
Hoffman was recently applied by the Appeals Court in Cameo Curtains, Inc. v. Philip Carey Corp; Universal Roofing & Sheet Metal Co., Inc., Mass. App. Ct. Adv. Sh. (1981) 411. At issue there was whether the 1973 and 1974 amendments to section 2-318 applied to a claim of breach of warranty regarding the 1968 sale of roofing materials by the defendant, where the damage had occurred in May of 1975. Addressing itself to that issue, the court stated:
.. .That question was answered in Hoffman v. Howmedica, Inc., 373 Mass. at 35-36, which held that the amendments affected by the 1973 amendment,were applicable to injuries which occurred after the effective date of the act, even though the sale had occurred before that date. Although the court in Howmedica relied primarily on St. 1973, c. 750, sec. 2, which expressly made the substantive amendments applicable to injuries after the effective date of the act, the court also took into account the apparent purpose of the Legislature in ’de-emphasizing the "sale” transaction and looking instead to the harm which may result from defects contained in items in commerce which may cause injury to the class of plaintiffs specified in the statute’, Hoffman v. Howmedica, Inc., 373 Mass. at 36. The same reasoning applies to St. 1974, c. 153, of which the court was aware in the Howmedica case. See 373 Mass. at 35, n.3. Mass. App. Ct. Adv. Sh. (1981) at 414. (emphasis supplied)
In our view, the decision of the Appeals Court in Marcil v. John Deere Industrial Equipment Co., Mass. App. Ct. Adv. Sh. (1980) 841, relied on by Bay State is not controlling. There it was held that lack of privity was a bar to the plaintiffs breach of warranty claim involving the sale of a wheel loader by the defendant in 1970. Because the sale had occurred prior to November 16, 1971, the court properly held that the plaintiff did not benefit from the enactment of St. 1971, c. 670, sec. 1, which first eliminated the defense of privity. The application of the 1973 version of section 2-318 was not at issue in Marcil because the plaintiffs *261 damages had occurred prior to the effective date of St. 1973, c. 750.[5] See also Mansfield v. GAF Corp., 5 Mass. App. Ct. 551, 555-556 (1977) holding lack of privity to be a valid defense to a breach of warranty claim where the sale had occurred prior to the effective date of the 1971 amendment to section 2-318, and where the injury, unlike in the present case, had occurred before the effective date of the 1973 amendment to section 2-318.
The case of Nectas v. General Motors Corp., 357 Mass. 546 (1970), also relied on by Bay State, having been decided prior to the 1971, 1973 and 1974 amendments to section 2-318 is similarly irrelevent to a determination of the issues presented by this appeal.
Appellant’s complaint alleges that its damages were suffered after December 27, 1979, the date it purchased the said apartment building and the date on which it became the owner of the boiler supplied by and installed by Bay State. In passing on a motion to dismiss, the trial judge was required to accept as true all well pleaded allegations contained in appellant’s complaint. Nader v. Citron, 372 Mass. 96 (1977). Therefore, because appellant’s damages due Bay State’s alleged negligence and breach of warranty were suffered subsequent to the effective date of the 1973 version of section 2-318, that section is applicable to this case, Hoffman v. Howmedica, Inc., supra, and, in our view is controlling on the issues of lack of privity and statute of limitations.
We turn then to the second principal issue on this appeal. Whether the appellant, M.T. Realty’s action against Bay State for breach of warranty was barred because of a lack of privity?
Having concluded that appellant’s actions in negligence and breach of warranty against Bay State are governed by the provisions of G.L. c. 106, sec. 2-318, as amended, we turn to appellant’s contention that under that section lack of privity cannot be raised by Bay State as a defense so long as the plaintiff was a person whom the defendant might reasonably have expected to use, consume or be affected by the goods. In passing on Bay State’s motion to dismiss, the lower court was, of course, required to accept appellant’s allegation that as a subsequent purchaser of the real estate and the boiler, appellant was such a person. Nader v. Citron, supra.
In those cases cited above where Section 2-318 has been found by the court to apply, lack of privity as a defense to the action has been rejected. Hoffman v. Howmedica, Inc., 373 Mass. 32, 34-35 (1977); Cameo Curtains, Inc. v. Phillip Carey Corp.; Universal Roofing and Sheet Metal Co., Inc., Mass. App. Ct. Adv. Sh. (1981) 411, 415. In Cameo Curtains, supra, which involved a 1975 injury caused by a manufacturer’s breach of warranty in connection with a product sold in 1968, the Appeals Court addressed the lack of privity issue directly:
Does lack of privity (between the manufacturer and plaintiff) bar recovery? It does not. The fundamental purpose of sec. 2-318 as amended, is to eliminate lack of privity as a defense in a breach of warranty action.. .(citations omitted; emphasis supplied). Mass. App. Ct. Adv. Sh. w(1981) at p. 415.
We believe that under the plain language of G.L. c. 106, sec. 2-318, and the cases cited above, the defense of lack of privity was not available to Bay State on either count brought against it by the appellant, and that to the extent that Bay State’s motion to dismiss was allowed on the basis of lack of privity between appellant and Bay State, the trial court committed error.
*262 As appellant has argued on this point, its actions against Bay State as the supplier and installer of the product at issue were brought to recover damages caused by the negligence and breach of warranty by Bay State. Accordingly, since the appellant’s complaint alleges, that as a subsequent purchaser of the product, appellant was a person whom Bay State might reasonably have expected to use, consume or be affected by the product, appellant’s action were governed by G.L. c. 106, sec. 2-318, as amended. As previously noted, that section contains its own limitations period for the commencement of such actions. That section reads:
. ...All actions under this section (sec. 2-318) shall be commenced within three years next after the date of the injury and the damage occurs.
Again, a review of the history of this section is instructive. A limitations period was first added to Section 2-318 by the legislature in 1973 by St. 1973, c. 750, sec. 1. By that amendment, the period of limitations was set at two years from the date of the injury. As we have previously noted above, the legislature by express provision made section 1 of St. 1973, c. 750, applicable to injuries occurring after the effective date of the 1973 amendment. In 1974, the limitations period contained in section 2-318 was extended to three years and the last sentence thereof was amended to include the term “damage” as well as the injury in determining the date on which the limitations period begins to run. St. 1974, c. 153.
Appellant’s complaint expressly alleges that its damages were suffered subsequent to December 27, 1979, the date it became the owner of the boiler supplied and installed by Bay State. Appellant’s actions against Bay State were filed on October 6, 1981, and therefore were brought well within the three year provision contained in Section 2-318.
In Cameo Curtains, supra, the Appeals Court held that a breach of warranty claim involving a product sold in 1968 was timely because suit was commenced there within six months of May 15, 1975, the date which the jury found to be the date of the damage. The plaintiffs action in Cameo Curtins therefore, as the Court noted, “fell comfortably within the three year limitations period established by St. 1974, c. 153...” Mass. App. Ct. Adv. Sh. (1981) at 413-414.
Under the plain language of Section 2-318, appellant had at the very least three years from the date its damages were incurred to commence suit against Bay State, and, therefore, in our view, the trial court was in error in allowing Bay State’s motion to dismiss on the basis of appellant’s failure to comply with the statute of limitations.
We conclude that contrary to Bay State’s argument below, appellant’s count for negligence is not governed by the limitations period contained in G.L. c. 260, sec. 2A, which provided in 1958,
“Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin shall be commenced only within two years next after the cause of action accrues. St. 1948, c. 274, sec. 2.” (emphasis supplied)
Relative to this language, it seems clear to us that Section 2-318 of Chapter 106 indeed does provide otherwise in the case of actions against a manufacturer, seller lessor or supplier of goods to recover damages for negligence or breach of warranty, and that section provides that such actions shall be commenced within three years next after the date the injury or damage occurs.
Moreover, even if the limitations period contained in G.L. c. 260, sec. 2 were to apply, it seems clear under the case law decided under that statute that appellant’s actions were still timely. Massachusetts courts have held that acause *263 of action, as that term appears in statutes of limitation, whether it be in tort or in breach of warranty, does not accrue until “the happening of an event likely to put the plaintiff on notice.” See, e.g., Hendrickson v. Sears, 365 Mass. 83, 89-90 (1974); Cannon v. Sears, Roebuck & Co., 374 Mass. 739 (1978); Franklin v. Albert, Mass. Adv. Sh. (1980) 2187, 2194; Sharton v. Westerbeke Corp., Mass. App. Adv. Sh. (1981) 236, 237, and cases cited.
Applying this ‘ ‘ discovery” rule to the present case, it seems clear to us that the appellant could not possibly have been put on notice of Bay State’s negligent conduct, or Bay State’s breach of warranty before December of 1979. That is because it was not until after that date that replacement of the boiler in question became necessary. Appellant’s cause of action therefore did not accrue until the damage suffered as a result of Bay State’s conduct had manifested itself, subsequent to the appellant’s purchase of the boiler in December of 1979. Since appellant’s actions against Bay State were commenced within three years of the date of the breakdown of the boiler, its actions would be timely even if G.L. c. 260, sec. 2A, were to apply.
Despite the plain language of Section 2-318, Bay State apparently argued successfully below that appellant’s cause of action should be deemed to have accrued at the time of Bay State’s sale and installation of the boiler in 1958 (Report, p.3), and that the limitations period contained in c. 260, sec. 2A, would have long since expired. However, if such a rule were applied, then a court would be forced to conclude that appellant’s right to bring its action had expired before the boiler had in fact broken down, and even before the plaintiff became the owner of the product. The abolition of the policy of punishing a plaintiff for such “blameless ignorance” was the purpose of the adoption of the “discovery” rule by the Supreme Judcial Court in determining when a cause of action accrues. See Franklin v. Albert, supra, and cases cited therein.
Because appellant’s actions against Bay State were commenced within three years after the date appellant’s damages were suffered, its action was timely under the express language of G.L. c. 106, sec. 2-318, and also under the case law interpreting G.L. c. 260, sec. 2A.
With respect to appellant’s claim for breach of warranty, Bay State argued below that the four year limitations period set forth in G.L. c. 106, sec. 2-725, controlled. That section provides, in relevant part:
(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued...
(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party’s lack of knowledge of the breach...
However, it is our view, although we concede that Massachusetts courts, as yet, have not addressed the question, that the explicit language setting forth the statute of limitations in Section 2-318, clearly removes actions brought under that section from the operation of the general language of Section 2-725.
We note, in an analogous situation, that the Supreme Court of Michigan has held that a Michigan statute (M.C.L. A. Sec. 600. 5833), providing that a claim for breach of warranty accrues at the time the breach reasonably should have been discovered, overrode the general language set forth in Section 2-725. Parrish v. B.F. Goodrich Co., 235 N.W. 2d 570 (Mich. 1975). Similarly, the Supreme Court of Ohio has held that the limitations period contained in Section 2-715 applies only where there is a contractual relationship between a plaintiff and defendant, U.S.F. & G v. Truck and Concrete Equip. Co., 257 N.E. 2d 380 (Ohio 1970), and thus would not apply in an action of the type appellant has brought under Section 2-318 where there was no privity of contract.
*264 The application of the limitations period set forth in Section 2-318 in Hoffman v. Howmedica, Inc., 373 Mass. 32 (1977) and in Cameo Curtains, Inc. v. Philip Carey Corp., supra Universal Roofing & Sheet Metal Co., Inc., Mass. App. Ct. Adv. Sh. (1981) 411, to actions for breach of warranty which, on this issue, are indistinguishable from the present case, shows clearly that an argument for the application of the limitations period set forth in Section 2-725 for contract actions in general would be rejected. See also the “authors comment” to G.L. c. 106, Sec. 2-725, which states:
Reference is also made to M.G.L. A. c. 106, Sec. 2-318 which provides that all actions for damages under that section shall be brought within three years next after the date of the injury and damage occurs.. .(emphasis supplied).
■ Accordingly, we conclude that because appellant’s actions against Bay State were brought within three years after the date its damages were suffered, its actions in negligence and breach of warranty were timely under the express language of G.L. c. 106, Sec. 2-318, and are not barred by the general statutes of limitation set forth in G.L. c. 106, Sec. 2-725, or in G.L. c. 260, Sec. 2A.
Having addressed the issues of the relevant limitations period and the radiations of the putative privity requirement, we turn to the final and fundamental question of whether the action of the trial court, consonant with generally accepted principles of review, was correct in permitting the dismissal of the plaintiffs complaint against Bay State?
It is now well established that in passing on a motion to dismiss under Rule 12 (b) (6), a trial court is required to accept as true all well-pleaded facts and inferences that may be drawn from the complaint in appellant’s favor. Nader v. Citron, 372 Mass. 96 (1977). In short, a complaint is sufficient “unless it shows beyond doubt” that no provable facts would entitle the plaintiff to relief. Kipp v. Kueker, 7 Mass. App. Ct. 207, 210 (1979), Feeney v. City of Boston, 13 Mass. App. Ct. 1004 (1982).
In Counts II and III of its complaint against Bay State for negligence and breach of warranty dismissed by the trial court, appellant has alleged that Bay State supplied and installed the boiler in question, that appellant as a subsequent purchaser of the boiler was a person whom Bay State might reasonably believe to use, consume or be affected by the boiler, and that all of appellant’s damages were suffered subsequent to December of 1979, the date it became the owner of the boiler.
In view of the principles canvassed above, we conclude therefore that Counts II and III of its complaint against Bay State are sufficient to state claims under Section 2-318, as amended, and, as seen above, that under that section, its claims were not barred due to lack of privity between Bay State and appellant, or because appellant failed to comply with the statute of limitations.
For all of these rreasons, we conclude that the action of the trial court in granting Bay State’s motion to dismiss Counts II and III ofthe complaint were in error and that the action should be reversed. It is so ordered.

 Anna Van Allen, now deceased, and Shawmut First Bank and Trust Company were also named by appellant as co-defendants along with appellee Bay State. (See Count I of Complaint.)

 Section 2-318 was again amended in 1974 by Chapter 153 of the Acts of 1974 to provide that actions commenced under 2-318 shall be commenced within three years next after the date of the injury and damage occurs. (See Appendix, p.3).

 At footnote no. 3 on page 35,"the court notes that Statute 1974, c. 153, increased the limitations period under Section 2-318 to three years.

 In Marcil, the writ in the SuperiorCourt is dated February 26, 1973, more than six months prior to the enactment of the 1973 version of section 2-318. See Mass. App. Ct. Adv. Sh. at 841.