Steadman, J.
This complaint is not subject to dismissal if it can support relief on any theoiy of law and accordingly, I am obliged to consider each of the alternative theories of law on which the plaintiffs complaint might be maintained. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Even “unreasonable, general and vague language” will resist dismissal where it “permitís] a wide variety of attempts at supporting proof’; vagueness must be corrected by a 12(e) motion for more definite statement or Rule 56 motion for summary judgment. Feeney v. Boston, 13 Mass.App.Ct. 1004, 1005 (1982) (rescript).
In Nadar v. Centron, 372 Mass. 96 (1977), “. . . In appraising the sufficiency of the complaint we follow of course the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
Applying the aforementioned case law I find that the plaintiff has not articulated a claim supported in law sufficient to maintain this action.
The plaintiffs base their action on a column published in the Boston Globe (“Globe”) and written by columnist Michael Barnicle (“Barnicle”) on June 12, 1990. The column deals with the predicament of a fourteen-year-old girl (unidentified in the column) and her family (also unidentified in the column) who were subjected to harassment and intimidation by a local gang known as “the Giants” following the girl’s rape by a sixteen-year-old boy who was a gang member. The girl thereafter gave birth to a child. The plaintiffs do not claim that the column was inaccurate and made that representation at the time of arguments.
As a result of the publication of the column, the plaintiff claims that they had to vacate their apartment and move to a different part of Boston. The plaintiffs further allege that the plaintiffs’ mother pleaded with Barnicle not to publish the story.
The plaintiffs claim that the fact of publishing the column gave rise to their claims against the defendants for violation of their privacy rights pursuant to M.G.L.c. 214, §1B and for intentional infliction of emotional distress.
Privacy Rights:
Truthful publication of matters of public concern, such as set forth in the complaint in this case, do not give rise to claims for invasion of privacy because the column was an accurate account of the commission of a serious crime which was a matter of legitimate public interest and as a matter of law on these facts, is not actionable under M.G.L. c. 214, §1B. Bratt v. International Business Machines Corp., 392 Mass. 508 (1984); Mulgrew v. Taunton, 410 Mass. 631 (1991); Cefalu v. Globe Newspaper Co., 8 Mass.App.Ct. 71 (1979).
Intentional Infliction:
There can be no recovery for intentional infliction of emotional distress based upon a truthful publication which is privileged, contains no false statement and concerns a matter of legitimate public interest. Correllas v. Vivieros, 410 Mass. 314 (1991).
The conduct of the defendants in publishing the column did not, as a matter of law, constitute “extreme and outrageous conduct.” The defendant’s conduct must be extreme and outrageous beyond all possible bounds of decency, and utterly intolerable in a civilized community. Extreme means at the utmost point, edge or border. The greatest, highest, strongest, or the like. The word extreme is to be given its common and ordinary meaning. The word was selected by our Supreme Judicial Court as a guide in defining this offense.
The conduct to qualify must exceed mere insult or minor annoyance and must be such as to be reasonably viewed as an attempt to intentionally shock and harm the plaintiffs peace of mind by invading the plaintiffs emotional or mental tranquility. An accurate publication of a serious crime that concerns a matter of legitimate public interest, with privilege does not, as a matter of law, rise to that level. Agis v. Howard Johnson Co., 371 Mass. 140 (1976); George v. Jordan Marsh, 359 Mass. 244 (1971).
Accordingly, the defendants’ motion to dismiss is allowed.